The People of the State of Illinois, Plaintiff-Appellee,
v. John Garfield and Lenwood Dowery, Defendants.
On Appeal of Defendant, Lenwood Dowery.

### Gen. No. 48,288.

First District, Third Division.
September 27, 1961.

Wendell P. Marbly and Thad B. Eubanks, of Chicago (Thad B. Eubanks of Chicago, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County (Edward J. Hladis and James Glasser, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by Lenwood Dowery from a judgment against him for $100 and costs entered June 23, 1960 in a scire facias proceeding on a recognizance bond given by John Garfield as principal and Dowery as surety, in an assault and battery charge against Garfield. Appeals were also taken by Dowery from two prior orders, one entered October 13, 1959 setting aside the order entered October 2, 1957 which had vacated the bond forfeiture, and another entered June 15, 1960 denying defendant's motion to vacate the order of October 13, 1959. A multiplicity of motions and orders is involved. There are motions to vacate orders, motions to vacate orders vacating orders, and

motions to vacate orders vacating orders vacating orders. This is not the affectation of a current literary style. It is a literal statement of what occurred, as shown by the bewildering record in this case. Therefore, a chronological account of events leading to the judgment is necessary.

November 30, 1956, John Garfield was charged with assault and battery. He posted bond in the amount of $100 with Lenwood Dowery as surety, conditioned upon Garfield's appearance at the hearing.

February 1, 1957, the court ordered that the recognizance of Garfield and Dowery be forfeited and that capias issue.

February 18, 1957, scire facias was issued. This recited that Garfield was duly called on February 1, 1957 to answer the charge and that, failing to appear, default was taken against him and Dowery, the obligation declared forfeited, and the parties required to appear March 13, 1957 to show cause why forfeiture should not be made absolute and judgment entered against them.

March 13, 1957, Dowery filed his appearance in the scire facias proceeding and the cause was continued.

July 8, 1957, a motion to vacate the bond forfeiture of February 1, 1957 was overruled by Judge Harrington. This order was never vacated.

October 2, 1957, Judge Drymalski sustained a motion of Dowery to vacate the bond forfeiture of February 1, 1957, making no mention of the previous disposition by Judge Harrington.

October 9, 1957, Judge Drucker dismissed the scire facias on payment of $6 costs.

June 5, 1959, the state's attorney filed a petition to vacate the order of October 2, 1957 which set aside the bond forfeiture.

October 13, 1959, with defendant present, the court vacated the order of October 2, 1957 and on simple

motion by the state's attorney the court also vacated the order of October 9, 1957 dismissing the scire facias on payment of $6 costs.

January 12, 1960, defendant moved to vacate the order of October 13, 1959 and this motion was denied on June 15, 1960.

June 23, 1960, the court found the forfeiture of recognizance absolute and entered judgment against defendant and surety for $100 and $6 costs.

■ ■ We will first consider the appeal from the orders of October 13, 1959 and June 15, 1960 which preceded the order of June 23, 1960. These orders covered the bond forfeiture and were based upon the petition of plaintiff filed June 5, 1959. The petition set forth the statute relating to bond forfeitures, Ill Rev Stats 1959, c 38, § 625(f), and Rule 9, Paragraph 3, of the Rules of the Municipal Court in Relation to Bail, which provide that a forfeiture may be vacated if, within fifteen months of its rendition, a written motion is filed and a copy served upon the state's attorney, setting forth that the accused was apprehended or had surrendered, or had died, or had been convicted and imprisoned by some other state or the United States. The petition alleged that no written motion or petition had been filed and that no proof of record had been had in the case, as required for the vacation of an order of forfeiture after the expiration of the thirty day period, nor was any such application or proof of record made within said thirty days. To set aside a forfeiture the condition of the statute must be met. People v. Sullivan, 339 Ill 146, 152, 171 NE 122, 125; People v. Rocco, 4 Ill App2d 238, 124 NE2d 25. These allegations of the petition are not challenged. There is nothing whatever in the record to show that the order vacating the forfeiture was in compliance with the statute. The orders of October

13, 1959 and June 15, 1960 with respect to the bond forfeiture were properly entered.

Following the entry of these orders, plaintiff moved to set aside the order of October 9, 1957 which had dismissed the scire facias suit upon the payment by Dowery of $6 in costs. Plaintiff appears to have relied entirely on the proposition that the order of October 9, 1957 was entered because there was no longer a judgment of forfeiture on which to base a scire facias proceeding. It is argued that the forfeiture having been reinstated, the trial court properly entered, on a separate motion of the people, an order reinstating the scire facias suit, the reason for previously dismissing that suit being no longer valid. Such an argument assumes that when the scire facias suit was dismissed, it was done for the sole reason that the judgment of forfeiture had been set aside. There is nothing in the record in the scire facias proceeding to support those conclusions. So far as appears, no objection to the proceeding was made by the assistant state's attorney then present, nor did he enter an objection to the entry of judgment, and indeed his concurrence therein must be assumed. Following the judgment, no appeal was taken nor was anything done within the thirty day period to correct any error.

██ Both parties agree that scire facias is a civil proceeding. It is a suit for money due. No point is made questioning the power of the state's attorney to consent to a judgment in a suit for money claimed to be due. A scire facias writ is in the nature of a complaint. It states a case against the defendant, provides for the issuance of summons, and requires the defendant to show cause why a judgment should not be entered. Ill Rev Stats 1957, c 38, § 625, provides that after the scire facias is returned, the court shall enter judgment by default for the amount of the recognizance or bond, unless the defendants appear and de-

fend. If the defendants appear and interpose a defense, "then the cause shall be tried in the same manner as other causes of a like nature *after any such recognizance or bond shall be declared forfeited as aforesaid."* (Emphasis added.) This was the nature of the complaint upon which the matter was presented to the court on October 9, 1957. With the state's attorney and defendant present, the suit was dismissed upon payment of costs and thereupon judgment was entered for the costs. What actually occurred at that hearing is not shown by the record. It may be that defendant raised the defense that the forfeiture had been set aside on October 2, 1957 and therefore the basis for the suit was gone and defendant was not liable even for costs. And it may be that the state's attorney called the attention of the court to the order of July 8, 1957 which overruled a motion to vacate the forfeiture. In any event, a judgment for costs was entered and paid. This was a final disposition of a civil suit, and proceedings to change or modify that judgment are those applicable to other civil proceedings.

■■ After the expiration of thirty days from the entry of a judgment, the only proceeding other than appeal for the correction of error such as it is alleged occurred here is provided by Section 72 of the Civil Practice Act, Ill Rev Stats 1959, c 110, and Civil Practice Rules of the Municipal Court, Ch 72. This act abolished the extraordinary writs formerly used to set aside judgments after term time (now, the thirty day period) such as coram nobis and coram vobis, writs of audita querela, bills of review, and bills in the nature of bills of review. Relief formerly obtainable thereunder was provided by a proceeding instituted by a petition setting forth the grounds for the vacation of such judgment, which petition was to be filed in the same proceeding as that in which judgment was

procured, *but was not to be a continuation thereof.* It is a separate proceeding and must by the terms of the act be supported by affidavit or other appropriate showing as to matters not of record. Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294; Till v. Kara, 22 Ill App2d 502, 161 NE2d 363; Chavez v. Elgin, J. & E. Ry. Co., 32 Ill App2d 68, 176 NE2d 664; Neubauer v. Duszak, 31 Ill App2d 456, 176 NE2d 644. No such petition was filed nor was any showing ever made by plaintiff. Therefore the order of October 13, 1959 was void and the order of June 23, 1960 awarding the scire facias judgment against Dowery was improperly entered. If it be said that this leaves plaintiff with a judgment of forfeiture of the bond but with no way of making it effective, all we can say is that it is a dilemma which follows the strange record made in this unique legal proceeding.

Judgment reversed.

McCORMICK, P. J. and DEMPSEY, J., concur.