The People of the State of Illinois, Appellee, v. Henry Layfield, et al., Principals Below, Thaddeus M. (a/k/a Ted) Damsz, et al., Sureties Below, Appellants.

The People of the State of Illinois, Appellee, v. John Franks, et al., Principals Below, Ted Damsz, et al., Sureties Below, Appellants.

Gen. Nos. 50,277, 50,278.

First District, First Division.

November 22, 1965.

Rehearing denied December 9, 1965.

Wendell P. Marbly and Thad B. Eubanks, of Chicago, for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This appeal involves a number of cases which arose out of the so-called "bail bond irregularities" in the

Municipal Court of Chicago. These cases, consolidated by the parties for purposes of this appeal taken by the surety-defendants, present substantially identical fact situations and pose identical questions of law for our determination.

The course of the litigation is somewhat complex, and must be examined in detail. In each case, the principal defendant was arrested, and a surety executed a bail bond guaranteeing the appearance of the principal defendant in court. After each principal defendant failed to appear, a bond forfeiture was ordered by the court, and a writ of scire facias issued. In some of the cases before us, judgments were entered against the sureties in the scire facias suits. Subsequently, the sureties filed motions in the Municipal Court requesting that the bond forfeitures be vacated and that the scire facias suits be dismissed. These motions were granted, and orders to this effect were entered in some of the cases on June 24, 1958, and in the others on December 19, 1958. No appeals were ever taken from any of these orders.

The State subsequently filed motions in the Municipal Court of Chicago requesting the court to vacate its 1958 orders as void for want of jurisdiction, to reinstate the original orders, and thereby to impose liability upon the sureties. The surety-defendants moved to strike the State's petition. Judge Hermes, hearing the cases together on January 22, 1964, denied the sureties' motion to strike and granted the petition of the State in the cases now before us. In each case, the bond forfeiture was reinstated, and judgment was entered against the surety in the scire facias action. The surety-defendants subsequently petitioned this court for leave to appeal within one year, pursuant to the provisions of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 76), and to the Rules of the Appellate Court, and leave was granted.

The threshold problem presented here is whether the court which entered the January 22, 1964 orders had

jurisdiction to pass upon these matters at all. The sureties contend that the State's attack came too late, in that the orders which vacated the bond forfeitures and dismissed the scire facias suits (i. e. the 1958 orders) were entered in open court with the State's Attorney present, and cannot be vacated more than sixty months after the entry of such orders unless they resulted from fraud, accident or mistake, or without negligence on the part of the State; that those orders were final and appealable orders; and that if the State's Attorney fails to appeal such orders within the time allowed, they remain in full force and effect even if erroneous.

It is the position of the State that it was entitled to attack the 1958 orders in favor of the sureties at any time because those orders were subject to a jurisdictional defect and therefore were void. The State contends that under c 38, § 625f of the Illinois Revised Statutes of 1957 a surety who moves that a bond forfeiture be vacated and a scire facias suit against him be dismissed is required to file a petition setting forth one or more of the grounds specified in that statute; that the filing of such a petition is mandatory and the court has no jurisdiction to vacate the bond forfeiture and to dismiss the action unless such a petition is filed; and that the surety-defendants in this case filed no such petition.

The statute relied upon is, in relevant part, as follows:

> Vacating or modifying forfeiture and judgment or decree. Within 15 months after any forfeiture of a recognizance or bond, either within thirty days or more than thirty days after the day at which such forfeiture or any judgment or decree thereupon shall have been entered, upon motion, copy of which shall have been served upon the State's attorney, and upon a proper showing to the court upon any of the following grounds; that the accused person has been appre-

hended or surrendered, or has died, or has been convicted and imprisoned by some other state or by the United States, the court in which any proceeding upon scire facias or foreclosure shall be pending may remit in whole or in part, within its discretion, such forfeiture and set aside or modify in accordance therewith any judgment or decree in such court entered thereupon, . . . (Ill Rev Stats 1957, c 38, § 625f).

The record does not show that any motions of the surety-defendants to vacate the bond forfeitures and to dismiss the scire facias suits were made in writing; nor does it show that any verified petitions were filed alleging any of the grounds enumerated in the foregoing statute.

■■ It is established in Illinois that the foregoing provisions of the Criminal Code are mandatory, and that where the surety has failed to comply with its terms the court is without jurisdiction to vacate a bond forfeiture or to dismiss the scire facias suit against him. People ex rel. Swanson v. Sullivan, 339 Ill 146, 171 NE 122; People v. Garfield, 33 Ill App2d 164, 178 NE2d 666. Since the court was therefore without jurisdiction to enter the orders it did on June 24, 1958, and on December 19, 1958, those orders are void, and can be attacked at any time. People ex rel. Kilduff v. Brewer, 328 Ill 472, 160 NE 76; People v. Garfield, 33 Ill App2d 164, 178 NE2d 666.

■ Three cases are cited by the surety-defendants in support of their position. Great stress is placed upon this court's holding in the recent case of People v. McCrory, 41 Ill App2d 59, 190 NE2d 159. The facts of that case were in conformity with those of the cases before us in all but one respect: in McCrory, when the surety moved to vacate the bond forfeiture and to dismiss the scire facias action, the State's Attorney entered into a stipulation with the surety-defendants waiving the re-

quirement of the foregoing statute that the surety file a written petition. The trial court, on motion of the State, had reinstated the bond forfeitures and had entered scire facias judgments against the sureties, as in this case; but this court reversed, holding that since the scire facias action was a civil suit for money the State's Attorney had the authority to waive the statutory requirement, and that the court passing upon the surety's motion had jurisdiction to do so under those circumstances. Surety-defendants have suggested that in the instant case the State's Attorney had agreed to waive the statutory requirement of a petition, as in McCrory. The sole support in the record for this assertion is the presence of the words "By Agreement" on the court sheets of June 24, 1958, and of December 19, 1958, relating to these cases. Photostatic copies of those court sheets were filed here by the surety-defendants at about the same time as they filed their reply brief in this action. The entries thereon are allegedly in the handwriting of the Judge, but there is nothing in the record to suggest what precise agreements between the parties, if any, are represented by the notation. In fact, the record sheds no light at all on the question of how, these entries came to be made. Moreover, the orders of the court vacating the forfeitures and scire facias judgments do not recite that it was entered by agreement of the parties. Judge Hermes apparently concluded that the surety-defendants failed to show that there was any waiver of the statutory requirement by the State's Attorney, and that therefore the McCrory case was inapposite. We will not disturb that finding.

The case of People v. Garfield, 33 Ill App2d 164, 178 NE2d 666, is also cited by the surety-defendants. There too the fact situation was substantially identical to the one now before us, but with one major difference: in Garfield, when the surety's motion to vacate the bond forfeiture and to dismiss the suit against him was

145

granted, a judgment of $6 in costs was entered against the surety, paid by him, and accepted by the State. As here, the State later succeeded in its motion to vacate that order as void for want of jurisdiction, and judgment was entered against the surety. When that ruling was appealed, this court reversed, holding in part that the payment and acceptance of the costs judgment in a scire facias suit prohibited the State from later seeking to invalidate the order for want of jurisdiction. In the present case, however, no judgment for costs was entered or paid, either on June 24, 1958, or on December 19, 1958. Thus a crucial element of the Garfield case is absent here, and the State cannot be held to have waived its right to challenge the jurisdiction of the court entering the order, as it did in Garfield.

A third case dealing with this problem and cited by the surety-defendants is People ex rel. Adamowski v. Dougherty, 19 Ill2d 393, 167 NE2d 181. In that case a serious question was raised about the validity of the original scire facias writ, due to the passage of time between the bond forfeiture order, such as it was, and the issuance of the writ of scire facias. The Supreme Court found that the jurisdiction of the court which vacated the bond forfeiture and dismissed the scire facias suit turned upon the validity of the issuance of the writ of scire facias. The court further found that this issue had been clearly presented to the trial court, and stated that since the writ of mandamus cannot be used as a substitute for appeal or to correct judicial error therefore the determination of the issue by the lower court would not be disturbed. Since the procedural setting for the Supreme Court holding was not an appeal, as here, but rather a petition for a writ of mandamus, the court did not pass on the merits of the jurisdictional problem involved. Therefore the denial of the State's petition for that writ in that case has little bearing upon the case before us.

For all of these reasons, the judgments against the sureties entered by the Municipal Division of the Circuit Court of Cook County in the cases consolidated in this appeal are affirmed.

Judgments affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.