John E. Groves et al., Appellants, v. Illinois Publishing and Printing Company, Appellee.

Gen.. No. 43,516.

Heard in the first division of this court for the first district at the October term, 1945. Opinion filed January 7, 1946. Rehearing denied January 21, 1946. Released for publication January 21, 1946.

John E. Groves, *pro se.*

Poppenhusen, Johnston, Thompson & Raymond, of Chicago, for appellee; Floyd E. Thompson, of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

May 23, 1927, John E. Groves and 31 other plaintiffs filed their complaint in equity, to avoid a multiplicity of suits at law, claiming they were entitled to prizes offered by the Herald & Examiner, a publication of the defendant company. After the issues were made up the cause, on July 14, 1930, was referred to a master in chancery to take the proofs and make up his report. He took the evidence, had the matter under advisement and, in the meantime, had been appointed a Special Commissioner. While the parties were awaiting the report, the cause was dismissed on August 7, 1934, for want of prosecution. Plaintiffs did not learn of the dismissal until February 14, 1938, when the Special Commissioner submitted his first report. August 23, 1938, plaintiffs filed their petition, supported by several affidavits, to set aside the order of dismissal and to reinstate the cause. On March 15, 1940, an order was entered as prayed for. Afterward there were several hearings before the Special Commissioner (and additional evidence taken) the last of which was on April 12, 1943. The Commissioner submitted his second report which was unfavorable to defendant. On May 3, 1943, defendant filed its motion to set aside the order of March 15, 1940, which order set aside the order of dismissal of August 7, 1934, and reinstated the cause. July 1, 1943, defendant's motion was sustained and the order of March 15, 1940, was vacated and it was ordered that the cause stand dismissed pursuant to the order of August 7, 1934.

January 11, 1945, plaintiffs moved to set aside the order entered on July 1, 1943. January 23, 1945, defendant moved to strike the last mentioned motion and on May 9, the motion was sustained, the petition stricken and plaintiffs appeal.

Counsel for plaintiffs make a great many points, some of which are answered by opposing counsel, but upon a consideration of the record and the authorities we think it would serve no useful purpose to discuss most of them.

█ While the court was without jurisdiction to enter the order of March 15, 1940, vacating the order of dismissal of August 7, 1934, this question was waived when afterward both parties appeared before the master and Special Commissioner and participated in a number of hearings. *Herrington v. McCollum,* 73 Ill. 476; *Weisguth v. Supreme Tribe Ben Hur,* 272 Ill. 541; *Zandstra v. Zandstra,* 226 Ill. App. 293, and other authorities cited in the *Zandstra* case. In the *Weisguth* case the court said (p. 543): "After the cause was re-instated it appeared in two trials in the city court and contested the case on the merits. By so doing it conferred upon the court the power to proceed and waived its right to object to the re-instatement of the cause. (*Herrington v. McCollum,* 73 Ill. 476; . . . As we said in *Herrington v. McCollum, supra:* 'The court unquestionably had jurisdiction of the subject matter of litigation, and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed by voluntarily entering an appearance. The defendants, to avail of the right to question the jurisdiction of the court when the case was re-instated, should either have not appeared at all or limited their appearance to the objection against the jurisdiction of the court.' "

█ Again, if counsel for defendant wished to question the jurisdiction of the court in setting aside the

order of dismissal and reinstating the cause in 1940, as stated by this court in *Willis v. Doratis,* 263 Ill. App. 97: "they should either not have appeared at all or limited their appearance to an objection to the jurisdiction of the court. They did not do so but participated in the trial, thus waiving the question of jurisdiction. *Zandstra v. Zandstra,* 226 Ill. App. 293, and cases there cited."

We are further of opinion that when the court, on July 1, 1943, entered the order sustaining defendant's motion to vacate the order of March 15, 1940, reinstating the cause and further ordering that the case stand dismissed as of August 7, 1934, it was a final and appealable order. But plaintiffs do not appeal from that order and did not make their motion to set aside the order of July 1, 1943, until January 11, 1945, more than 18 months thereafter.

Holding as we do, that the order of July 1, 1943, was final and appealable, the court should not have entertained any further motions. *People v. Wells,* 255 Ill. 450; *Emcee Corp. v. George,* 293 Ill. App. 240. What was said by the Supreme court of the United States in *Stoll v. Gottlieb,* 305 U. S. 165, we think is appropriate here. The court there said: "It is just as important that there should be a place to end as that there should be a place to begin litigation."

The order of July 1, 1943, appealed from, is affirmed.

*Order affirmed.*

MATCHETT, P. J., and NIEMEYER, J., concur.