Ignacio Chavez, Appellee, v. Elgin, Joliet & Eastern
Railway Company, a Corporation, Appellant.

Gen. No. 48,384.

First District, Second Division.

June 30, 1961.

Stevenson, Conaghan, Hackbert, Rooks and Pitts, all of Chicago (Robert L. Hesse, of counsel), for appellant.

Allan S. Gould, of Chicago (John G. Phillips and Charles D. Snewind, of counsel), for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court:

Plaintiff sued to recover damages for injuries resulting from the alleged negligent operation of one of defendant's trains, while he was employed as a sweeper on the premises of the United States Steel Corporation. Defendant answered, denying liability. In accordance with section 58 of the Civil Practice Act (Ill Rev Stats 1959, c 110) and Supreme Court rule 19—11 (Ill Rev Stats 1959, c 110, § 101.19—11), defendant on March 7, 1958 served interrogatories upon plaintiff by mail. Although rule 19—11 requires the answers to be filed within fifteen days, it was not until approximately eight months later that plaintiff answered the interrogatories; there were no orders extending the time within which to answer, and leave of court for late filing was not sought or obtained. On July 7, 1960 defendant served written notice by mail that it would take plaintiff's discovery deposition on July 18, 1960, and requested counsel to produce plaintiff as a witness at that time. Plaintiff did not appear, and no attempt was made to inform defendant that plaintiff would be absent; neither did plaintiff ever request that the deposition be postponed or reset. When plaintiff failed to appear at the hour scheduled for deposition, defendant's counsel telephoned the office of plaintiff's attorney of record to inquire whether plaintiff would be produced for his deposition; he was told that plaintiff's counsel had stepped out of his office momentarily but would call back that same afternoon; the call was never returned. Subsequently defendant's counsel prepared a motion to be made on August 9, 1960 to dismiss the case for failure of plaintiff to appear for deposition and to abide by the discovery rules of the court. A copy of that motion and the written notice were served by mail, as permitted by Supreme Court rule 7 (Ill Rev Stats 1959, c 110, § 101.7), on August 5, 1960 by putting them in an envelope duly stamped and sending

them to the attorney of record for plaintiff at the address appearing on the pleadings filed by plaintiff; the service was attested by affidavit. The mailing envelope also contained the return address of the sender, but the envelope was never returned by the post-office department. On August 9, 1960 the entire matter was presented to Judge Dougherty, in accordance with the notice and motion, and after checking the court file and informing himself of the status of the case, he dismissed the suit for failure of plaintiff to abide by the court's discovery rule. The order of dismissal was as follows:

> "This matter coming on upon the motion of defendant to dismiss the complaint for failure of the plaintiff to submit to discovery and the court being fully informed in the premises
> "It Is Hereby Ordered that the complaint herein be dismissed and the defendant, Elgin, Joliet & Eastern Railway Company, be discharged."

On the following day, the Chicago Daily Law Bulletin printed an abstract of the dismissal order; it showed the name of the case, its number, the name of the judge entering it, and the date of entry. No effort to vacate or modify the dismissal order within the statutory period of thirty days was attempted by plaintiff. However, some three months later, on November 14, 1960, plaintiff's counsel, in accordance with section 72 of the Civil Practice Act, filed a petition in the Circuit Court before another judge, asking leave to add counsel, to vacate the August 9, 1960 order of dismissal, and to place the cause on the trial calendar. The petition alleged (a) that the cause had been dismissed "for want of prosecution" on August 9, 1960 by Judge Dougherty; (b) that no notice or petition in support

71

of said dismissal was received by the office of plaintiff's counsel; (c) that the clerk of the court did not inform plaintiff's counsel that the case had been dismissed; and (d) that plaintiff suffered serious injury. There was no allegation with respect to the propriety of the original dismissal order; no reason was advanced for plaintiff's failure to comply with discovery rules; no offer was made by plaintiff to submit to deposition. Defendant's counsel, under oath, answered the petition to vacate, and set forth the history of the case as hereinabove outlined. Plaintiff's counsel did not reply nor did he controvert any of the matters set forth in defendant's sworn answer to the petition, and he made no further showing of cause under section 72. Upon this state of the pleadings the dismissal order was vacated on November 14, 1960, additional counsel was allowed, and the cause was reinstated for trial. Defendant appeals from the vacation of the dismissal order, and prays that the order of August 9, 1960 be reinstated.

■ Plaintiff, to sustain the vacation order, first contends that the order of August 9, 1960 "is null and void for want of jurisdiction in that there is no authority in the court to *'dismiss a complaint'* for *'failure to submit the plaintiff to a discovery deposition'* . . . ." (Emphasis plaintiff's.) However, Supreme Court rule 19—12(3) (Ill Rev Stats 1959, c 110, § 101.19—12(3)) specifically provides that if a party unreasonably refuses to comply with deposition rules, "the court may, on motion, . . . order one or more of the following, as may be appropriate: . . . ; that his complaint be dismissed; . . . ." There was sufficient basis for dismissal of the case under rule 19—12(3), as appears from Payne v. Payne, 31 Ill App2d 141, 176 NE2d 664; Sager Glove Corp. v. Continental Cas. Co., 19 Ill App2d 568, 154 NE2d 833 (1958), and

72

Loosely v. Stone, 15 FRD 373 (DC Ill 1954), decided under Federal rules of civil procedure.

 It is next urged by plaintiff that the order of dismissal was not final and could be set aside at any time, without reference to section 72 of the Civil Practice Act. It is significant that in the trial court plaintiff, as well as the court and defendant, treated the dismissal order as final. It was only after some three months had elapsed that plaintiff's counsel filed his petition under section 72. This section provides the exclusive remedy for nonappellate review of final orders. Plaintiff's concession that he was dealing with a final order of dismissal indicates that no one could mistake the finality of the adjudication. Moreover, aside from plaintiff's interpretation of the order, it appears that plaintiff's complaint was dismissed and the action terminated by discharging defendant. It was held in Altschuler v. Altschuler, 399 Ill 559, 78 NE2d 225 (1948), and Northern Trust Co. v. Essaness Theatres Corp., 348 Ill App 134, 108 NE2d 232 (1952), that it is not the form of the decree, but the substance and effect of the adjudication, which is determinative.

We hold that the order was final, and accordingly the question arises whether plaintiff brought himself within the provisions of section 72 of the Civil Practice Act, as he contends. Specifically, he argues that the non-receipt of the notice by his counsel was a fact not apparent upon the record which, if known to the court, would have prevented the entry of the dismissal order. His counsel, for the first time on appeal, claims that, during the time defendant's counsel was serving his notices, he no longer maintained an office at the address designated in the pleadings filed by him in the trial court. No such fact is established or even suggested of record. Plaintiff now states that

his counsel moved to another office and that the notices mailed to him were not received. In all the pleadings filed by plaintiff his office address is given as 100 North LaSalle Street; this is the address to which the mailed notices for the taking of plaintiff's deposition and of defendant's motion to dismiss were addressed. Plaintiff's statement in his brief that "the defendant during the summer vacation purportedly served a notice by mail upon the attorney for the plaintiff requesting him to produce the plaintiff for a discovery deposition at their office" at a designated date is apparently intended to suggest that there is some doubt as to defendant's service of the deposition notice. Again, there is no such suggestion or basis in the record for this statement. Plaintiff has not sought to explain why he did not appear for a deposition, except to assert that he did not receive the notice. Under all the circumstances this allegation in his petition is unavailing under section 72. In Bernier v. Schaefer, 11 Ill 2d 525, 529, 144 NE2d 577 (1957), the court said: "If the proper giving of the notice can now be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method." As we view plaintiff's petition under section 72, it poses but one question—the legal effect of mailing the notice to dismiss; that question, we think, is resolved against petitioner by the Bernier case.

██ ██ Plaintiff's petition under section 72 was a new proceeding; he had the burden of alleging and proving a sufficient basis for vacating a final and matured order. Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294 (1960). The limited grounds for modifying a final order after thirty days are set forth in section 72; none of these available grounds has been claimed, and none has been established by petitioner. Accordingly, the order of November 14, 1960 vacating the

74

order of dismissal is reversed, and the dismissal order of August 9, 1960 is reinstated.

Order of November 14, 1960, reversed and dismissal order reinstated.

BRYANT and BURKE, JJ., concur.