Marjorie Wilson, Plaintiff-Appellee, v. Forest Wilson, Defendant.
On Appeal of Stephen Jurco, John W. Damisch and Junie L. Sinson d/b/a Jurco, Damisch & Sinson, a Partnership, and Thomas C. Hollywood, Respondents-Appellants.

Gen. No. 64–89.

Second District.

March 22, 1965.

Jurco, Damisch & Sinson, and Thomas C. Hollywood, of Chicago (John W. Damisch and James R. Mitchell, of counsel), for appellants.

Leren & Burek, of Wheaton (Alexander J. Burek, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

A decree for divorce was entered by the Circuit Court of DuPage County on September 11, 1962, granting to the plaintiff, Marjorie Wilson, a divorce from the defendant, Forest Wilson. The decree recited and approved the terms of a property settlement agreement entered into by the parties on August 16, 1962.

By the terms of this decree and property settlement agreement, the plaintiff was to receive, in lieu of alimony, certain parcels of real estate "subject to all liens, encumbrances and judgments now existing against the said real estate" and further subject to

plaintiff's attorneys' fees in the sum of $3,000 and defendant's attorneys' fees in the sum of $2,500, which fees were to be paid from the proceeds received from the sale of the real estate, and which said sums were to be a lien upon the real estate until fully paid. The agreement contained the customary recitation that each party had made a full disclosure of assets and income to the other.

At the hearing on the complaint for divorce the plaintiff testified, with respect to this property settlement agreement, that she understood she was to pay any judgments against the real estate; that, to the best of her knowledge, the only judgment against the properties was in favor of the Lake Shore National Bank in the sum of $5,000; and that this judgment, plus certain known mortgages, constituted "all judgments against this property." Defendant's attorneys were present at the hearing and made no comment with reference to plaintiff's understanding relative to encumbrances against the property.

Upon a subsequent sale of the real estate, plaintiff discovered that, in addition to the known liens, there were also five tax liens totalling $2,894, one having been filed by the Internal Revenue Service on September 11, 1962, the date the decree for divorce was entered, and the others having been filed subsequently on September 12 and 24, and two on October 2, 1962. The date of plaintiff's discovery of the existence of these liens, which she was compelled to satisfy, is not apparent from the record.

In October of 1962, defendant's counsel consented to waive their lien for fees as to the one parcel of real estate so that it could be sold to satisfy some of the existing mortgages, such consent, however, was granted with the understanding that these fees would be paid when the next parcel was sold. Plaintiff, however, failed to notify defendant's counsel when the

190

next parcel was sold, but did cause $2,600 of the proceeds of such sale to be held in escrow by Chicago Title and Trust Company.

The plaintiff then filed her petition, verified on information and belief, seeking, in effect, to modify the decree to provide that the defendant pay to her the sum of $2,894, representing the amount of the tax liens satisfied by her, and to provide that the fees for the defendant's attorneys be paid "from the funds to be forthcoming from the defendant" under plaintiff's claim by virtue of payment of said tax liens. This petition was grounded upon the contention that the defendant committed fraud upon the plaintiff and the court in not advising them of these tax deficiencies, and that defendant's counsel was likewise guilty of such fraud in that they knew of these tax deficiencies and did not so advise plaintiff, her attorney, or the court, but rather stood mute at the hearing for divorce when plaintiff testified as to her understanding of the encumbrances against the property.

The law firm of Jurco, Damisch & Sinson, herein called respondents, formerly but not presently defendant's counsel, filed a verified answer to the petition, on their own behalf. The answer denied the material allegations of the petition and set forth matters indicating that they had provided plaintiff with sufficient information to apprise both her, and her counsel, of the existing tax deficiencies and that plaintiff and her counsel had knowledge equal to, or superior to, that of the defendant's counsel, relative to said tax matters.

Both plaintiff and respondent treated the petition as having been filed under Section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72). While no affidavits were filed with either the petition or the answer, both were verified. On April 21, 1964, the trial court entered an order on the petition and answer

vacating the original divorce decree as to payment of defendant's attorneys' fees; providing that one-half of the sum of $2,600 on deposit with Chicago Title and Trust Company be paid to the plaintiff and the other one-half to defendant's attorneys, respondents herein; and ordering that plaintiff have a judgment against the defendant in the sum of $1,300, and that defendant's said attorneys, have a judgment against the defendant in the sum of $1,200. The court entered its order on "the record of this case (and) the statements of counsel."

It appears from the proceedings below that the defendant was not before the court and that respondents appealed from the order on their own behalf. They here charge that the order of the trial court was erroneous in that plaintiff's petition did not, on its face, allege fraudulent misrepresentation or concealment sufficient to justify a modification of the decree under Section 72; that plaintiff is estopped to modify the decree in that she accepted the benefits thereof; and that under Section 72 of the Civil Practice Act the court may not modify a decree without evidence to support the petition.

As to the first contention, respondents have waived their right to object to the legal sufficiency of the petition. The filing of a petition under Section 72 is the filing of a new action and is subject to the usual rules governing civil cases. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960); First Nat. Bank & Trust Co. v. Desaro, 43 Ill App2d, 153, 155, 193 NE2d 113 (1st Dist 1963). By failing to challenge the sufficiency of the petition by motion to strike and by answering it on the merits, the respondents have waived this right; and the petition will be treated as having stated a cause of action. Selvaggio v. Kickert School Bus Line, Inc., 46 Ill App2d 398, 405, 406, 197 NE2d 128 (1st Dist 1964); Maierhofer v. Gerhardt, 29

Ill App2d 45, 48, 172 NE2d 201 (2d Dist 1961); Bremer
v. Bremer, 4 Ill2d 190, 192, 122 NE2d 794 (1954); (Ill
Rev Stats 1963, c 110, § 42(3)). It is only where a
pleading is so defective that there is a total failure to
state a cause of action and, hence, no pleading to sus-
tain an order, that a litigant does not waive the in-
sufficiency thereof by not objecting thereto by motion.
Grizzard v. Matthew Chevrolet, 39 Ill App2d 9, 17,
188 NE2d 59 (4th Dist 1963). Such is not the case here.

Plaintiff's petition is bottomed on the charge that
respondents had knowledge of the assessment of the
tax deficiencies, or the inevitability of such assess-
ments, because of the facts existing at the time of the
property settlement agreement and decree; that plain-
tiff was without knowledge of such facts, and could
not have ascertained them from the negotiations that
transpired; and that respondents fraudulently con-
cealed these facts from plaintiff. It is not so defective
as to totally fail to state a cause of action.

■ The present Section 72 of the Civil Practice Act
is in essence a codification of the principles set forth
in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350
(1952), and its application must be viewed in the light
thereof. The Supreme Court, in Ellman, stated that
the statutory petition which was substituted for the
common law writ of error coram nobis is not restricted
to the narrow confines of this common law antecedent;
and that it is available where fraud or excusable
mistake had prevented a litigant from properly as-
serting his or her position. Such is the alleged case
at bar.

■ ■ However, we agree with respondents, that
under the facts in this case, it was improper for the
trial court to enter the order in question without
proof to support the allegations of the petition. While
a petition under Section 72 is filed in the same pro-
ceeding in which the order, judgment, or decree was

entered, it is not a continuation of that proceeding (Ill Rev Stats 1963, c 110, § 72 (2)), but is the filing of a new law suit. As in any other civil case, the petitioner must not only allege, but also prove a right to the relief sought. Brockmeyer v. Duncan, supra, 505; Chavez v. Elgin, J. & E. Ry. Co., 32 Ill App2d 68, 74, 176 NE2d 664 (1st Dist 1961). It is fundamental that a judgment or decree may not stand if rendered under proofs without allegations, or under allegations without proof in support thereof. Stowell v. Satorius, 413 Ill 482, 490, 109 NE2d 734 (1953); Larson v. City of Loves Park, 48 Ill App2d 191, 193, 198 NE2d 525 (2nd Dist 1964); Hanaman v. Davis, 20 Ill App2d 111, 115, 155 NE2d 344 (2nd Dist 1959).

It is undisputed that no testimony was heard nor evidence received in support of the plaintiff's petition. The order of the trial court recited that it is based solely on the record in the case and the statements of counsel. It is apparent from both the petition and answer thereto that the matters at issue were dehors the record and could not be determined by the court's examination of the records in the case. The respondents objected to the court entering an order without formal proof and the taking of testimony. The plaintiff has suggested to this court many matters which were presented to the court and taken up at informal hearings, none of which, however, appear of record; we decline to consider these matters.

In the instant case, the plaintiff's petition is based upon the alleged fraud of the respondents. It was incumbent upon plaintiff to establish this charge by clear and convincing evidence. In the Matter of the Estate of Togneri, 296 Ill App 33, 45, 15 NE2d 908 (1st Dist 1938). The petition stands in lieu of a complaint and, although sworn to, is not evidence. Its office is solely to invoke the judicial power by pointing out the basis upon which the relief is sought. Topel v.

194

Personal Loan & Savings Bank, 290 Ill App 558, 566, 9 NE2d 75 (1st Dist 1937); Mitchell v. Eareckson, 250 Ill App 508, 511 (4th Dist 1928).

■ The respondent's answer squarely put in issue the basic allegations of the petition, and contained averments which, if supported by the evidence, strongly suggest the absence of any fraudulent concealment. These pleadings raised issues of fact which must be tried. County Board of School Trustees of DuPage County v. Bendt, 30 Ill App2d 329, 333, 174 NE2d 404 (2nd Dist 1961); Topel v. Personal Loan & Savings Bank, supra, p 565. This conclusion also applies to the question of estoppel raised by the respondents.

■ The procedural aspects of such petition are worthy of note. Section 72(2) of the Civil Practice Act provides that, as to the matters not of record, the petition must be supported "by affidavit or other appropriate showing." This, together with Section 69(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 69(2)), indicates that the evidence may be presented and the issues tried by affidavit, at least where the facts set forth in the affidavits do not controvert one another. Isaacs v. Shoreland Hotel, 40 Ill App2d 108, 114, 188 NE2d 776 (1st Dist 1963). Where, as here, however, the facts are controverted, the proof should be presented at an orderly hearing by examination of witnesses, under oath, subject to cross-examination.

From an examination of the record, we are aware that numerous petitions, cross-petitions and answers were filed herein; that certain petitions are apparently no longer in the court file; and that certain prior orders have been vacated touching on the subject matter of this proceeding. As this matter must be remanded for a trial upon the issues, we suggest that the pleadings be amended to permit the court to con-

sider but one petition, one answer, and one reply, if appropriate, in determining the issues.

For the reasons stated, the order of the trial court entered April 21, 1964, is reversed and the cause remanded for further proceedings, not inconsistent with the conclusions herein set forth.

Order reversed and cause remanded.

ABRAHAMSON, P. J. and MORAN, J., concur.