Elliot Construction Corporation, Plaintiff-Appellee, v. Herbert Zahn, Defendant-Appellant.

Gen. No. 67–171.

Second District.

October 15, 1968.

Idarius, Rubin and Zahn Associates, of Lombard, for appellant.

Mackenzie, Vescelus, Leetz & Perry, of Wheaton, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

On March 20, 1967, the plaintiff filed a complaint against Herbert Zahn, to recover damages under two contracts. On April 14, 1967, the Circuit Court of Du Page County ordered the defendant, a practicing attorney, to file his appearance instanter and to file an answer or otherwise plead within 15 days and the case was set for trial on May 17, 1967. Thereafter, two continuances were granted and the case was again set for trial on June 26, 1967. On this date, the defendant still failed to file an appearance or to plead to the complaint and a default judgment was entered against him; thereafter, a jury was empaneled and returned a verdict in the sum of $3,730.70 in favor of the plaintiff. A notation typed across the face of the verdict read, "Judgment on the verdict entered this the 26th day of June, 1967" and

was signed by the magistrate presiding. On the following day, a written judgment order in the amount of the verdict was entered which also ordered execution to issue.

On July 25, 1967, the defendant sent notice to the plaintiff that he would appear on July 28, 1967, before the court and move to vacate the default judgment entered against him. In fact, the record discloses that he appeared on July 27, 1967. This motion, brought under section 50(5) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 50(5)) was denied on August 7, 1967, because of defendant's failure to act within 30 days from the date of the default judgment.

On August 15, 1967, defendant filed a petition and affidavit to vacate based on section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72). The plaintiff did not file any pleadings in response to said petition. The trial court denied said petition and affidavit as insufficient, giving the defendant leave to amend.

On August 22, 1967, the defendant filed his second petition and affidavit under section 72 to which the plaintiff did not file any responsive pleadings. The petition in substance alleged that defendant has a meritorious defense in that the contract entered into between the parties has never been completed by the plaintiff and that the defendant remains ready and willing to complete his performance. Defendant also alleged that a good reason existed as to prevent him from presenting a defense in apt time in that he was engaged in a jury trial in Cook County, Illinois from June 26, 1967, through June 28, 1967. As a third ground he alleged that he neither received notice nor had knowledge of the default judgment entered June 26, 1967, until he received an execution on July 21, 1967, which stated that it was issued pursuant to a judgment entered June 27, 1967. Further, that he relied on the judgment date set forth in the execution and filed his motion to vacate on July 27, 1967, but be-

cause the execution incorrectly stated the "default judgment" it caused him to be one day late under section 50 (5).

The trial judge, on September 6, 1967, denied the petition stating that based on testimony on behalf of the plaintiff and the affidavit filed by defendant, that defendant had no meritorious defense and had also failed to exercise due diligence in presenting a defense.

On September 18, 1967, defendant presented a third petition under section 72 to the trial court with suggestions and affidavit to reconsider the matter. The plaintiff filed a motion to strike, which alleged that the exclusive remedy of a party aggrieved by a denial of a motion to vacate a judgment is by appeal. On September 18, 1967, plaintiff's motion to strike was granted. The defendant then prosecuted this appeal.

 The defendant contends that since the plaintiff failed to challenge his petition by a motion to strike or an answer, that the facts alleged in the petition must be taken as true. Therefore, the court abused its discretion in not vacating the judgment order. Generally, this rule of law is true. Wilson v. Wilson, 56 Ill App2d 187, 192, 205 NE2d 636 (1965). However, the petition itself must be sufficient in and of itself to warrant such a holding. In the case at bar it was incumbent upon the defendant to not only show a meritorious defense, but also facts which show that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. Such motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 467, (1968). See also, Gunderson v. Rainbow Cleaners & Laundry, 77 Ill App2d 268, 272, 222 NE2d 41 (1966).

██ In the case at bar, even after being ordered to file an appearance and other pleadings, the defendant failed to do so. On June 19, 1967, he agreed to the trial

116

date that had been set after having received two continuances so he cannot complain about notice. As stated before, the defendant is an attorney and the fact that he was in trial in another county on the same day does not relieve him of his responsibility to either inform the trial court of such conflict or have someone appear in his stead. The practical administration of justice requires that the litigant undertake the burden of following his case if possible. Esczuk v. Chicago Transit Authority, supra, page 468. It seems worthy of note that the defendant, after agreeing to a trial date, did nothing to check upon the outcome of the trial after concluding his affairs in the other county.

■ Further to be noted is the fact that the trial court heard testimony on behalf of the plaintiff opposing the granting of the petition. The burden is upon the petitioner in such a case to allege and prove the facts justifying relief. Esczuk v. Chicago Transit Authority, supra, page 467.

Relative to the point raised concerning the alleged error of judgment date in the execution, the record discloses that the default judgment was entered on June 26, 1967 for failure to file an answer or otherwise make an appearance. However, there was also an order entered on June 27, 1967, upon which the execution was based, which not only entered a judgment on the verdict but also ordered execution to issue. In other words, the execution truly stated what the record disclosed and was not in error. Nowhere did the execution state it was a default judgment as interpreted by the defendant. An examination of the record would have appraised the defendant of this fact and thereby could not have lulled him into a state of false security.

■ The last contention of the defendant is that a default judgment based upon a legally insufficient complaint is always subject to attack as a means of ascertaining the truth within the spirt and letter of the Civil

117

Practice Act. He argues that since his affidavit shows that the contract sued under was never completed and that he remains ready, willing and able to complete his performance, that, therefore the complaint is insufficient to state a cause of action. Suffice to say, that defendant had ample opportunity to attack the complaint long before the default judgment was entered herein. Further, assuming the complaint to be insufficient which he has alleged in his affidavit to be a defense, it will still not avail him of the proof necessary under section 72. Since the petition did not set forth facts indicating that the defendant exercised due diligence in preventing the ex parte judgment, it is unnecessary to consider, determine or pass upon the merits of this defense. Colletti v. Schrieffer's Motor Service, Inc., 38 Ill App2d 128, 133–134, 186 NE2d 659 (1962).

Since the notice of appeal is from both the order of September 6, 1967, which we have already discussed, and the order of "September 15, 1967" which in fact was entered September 18, 1967, it will be necessary, in order to dispose of this appeal, to rule upon the latter.

■ As stated previously, the defendant filed three petitions under section 72 attacking the order of June 26, 1967. While the first petition was denied with leave to amend, the second petition was denied without such contingency. It therefore became a final and appealable order. See section 72(6) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72(6)). People v. Union Trust Bank, 406 Ill 208, 209, 92 NE2d 663 (1950); In re Estate of Knazek, 1 Ill App2d 387, 392, 117 NE2d 683 (1954). Since the order of September 6, 1967 was a final and appealable order the court should not have entertained any further motions. See Groves v. Illinois Publishing & Printing Co., 327 Ill App 544, 547, 64 NE2d 562 (1946) and cases cited therein.

118

We are of the opinion that the trial court was correct in its determination and therefore the orders appealed from are affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.