Ben A. Thompson, Plaintiff-Appellant, v. Carson Pirie Scott and Company, a Corporation, and Earl Salmons, Defendants-Appellees.

Gen. No. 52,001.

First District, Fourth Division.

March 5, 1969.

Jesmer & Harris, of Chicago, for appellant.

Herbert L. Caplan, of Chicago (Richard J. Aronson and Medard Narko, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken by plaintiff from an order entered on January 4, 1967, sustaining a petition of Carson Pirie Scott and Company under section 72 of the Civil Practice Act to vacate a judgment entered May 20, 1966, in favor of plaintiff and against both defendants.

On November 13, 1963, plaintiff filed a personal injury action in the former Municipal Court of Chicago, naming Carson Pirie Scott and Company and Earl Salmons as co-defendants, and alleging that Salmons, while in the employ of Carson Pirie Scott and Company, injured the plaintiff by striking him with a motor vehicle which he was driving for defendant company. On December 2, 1963, Carson Pirie Scott and Company executed and filed an appearance form from the part of the printed form which demanded a jury. In its answer to the complaint, filed on December 13, 1963, Carson Pirie Scott and Company [hereafter referred to as defendant] demanded a jury trial. Defendant Salmons filed his jury demand with his appearance, but both defendants failed to pay jury demand fees.

The clerk of the court assigned the case to the non-jury calendar, and the case was called for trial on May 12, 1966. Defendants did not appear, and an order was

entered continuing the case until May 20, 1966. When the defendants failed to appear on May 20, the trial judge entered a default judgment against both defendants in the sum of $600. Upon discovery of the default judgment, the defendant filed a petition on August 3, 1966, to vacate the judgment of May 20, 1966, pursuant to section 72 of the Civil Practice Act. The regular motion court continued hearing on the petition until November 14, 1966, and a second continuance was ordered on the petition until December 12, 1966. On December 12 the motion judge struck the petition; on December 28 this order was vacated and hearing was set on the petition for January 4, 1967, at which hearing the trial court entered an order vacating its May 20, 1966 judgment and giving defendants leave to file a jury demand. It is this order vacating the May 20 judgment from which the plaintiff takes his appeal.

In its verified petition defendant explained that it had requested jury trial but that the case had inadvertently been assigned to the nonjury trial calendar. Defendant overlooks the provisions of section 51, chapter 53 of Illinois Revised Statutes, which state that the jury fee shall be paid at the time of the filing of the demand and that if the fee is not paid the case shall be tried by the court without a jury.

■ Defendant further argues that it "was not notified of the trial date and at all times believed the case was on the jury trial calendar." This court takes judicial notice that no notice of trial dates is sent to litigants prior to the trial, and that the clerk of the court causes a list of cases to be called for trial to be published in the daily Municipal Court Record on the preceding day. No question is raised by defendant that there was no publication of the date of trial in the daily Municipal Court Record, and defendant offers no explanation for not checking the court files between December 13, 1963, when it filed its answer, and May 20, 1966, the continued trial date at which the default judgment was entered.

■ Litigants must assume the burden of following their cases in the courts, and section 72 does not relieve a party from the consequences of his own negligence in this regard. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719; Forsberg v. Braiterman, 101 Ill App2d 475, 243 NE2d 433; Bridson v. Maywood Cab Co., Inc., 79 Ill App2d 295, 224 NE2d 572 (Abst).

■ In the instant case the defendant was negligent in failing to file a proper jury demand and to pay the fee therefor, and in failing to follow the progress of the case in court prior to the time the default judgment was entered on May 20, 1966. The order of the Circuit Court vacating the judgment in favor of the plaintiff is reversed.

Reversed.

DRUCKER, P. J. and ENGLISH, J., concur.