EUGENE W. GORDON, d/b/a MONROE INVESTMENT COMPANY, Plaintiff-Appellee, *v.* EXCEL WHOLESALE GROCERY COMPANY, *et al.*, Defendants-Appellants.

(No. 54848;

First District—September 2, 1971.

488

Joseph L. Goldberg, of Chicago, for appellant.

Arvey, Hodes & Mantynband, of Chicago, (Ralph A. Mantynband and Howard Arvey, of counsel,) for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Harry N. Rutzky, appeals from a denial by the Circuit Court of his Section 72 petition to vacate a judgment entered against him on January 27, 1969, in favor of plaintiff.

On June 17, 1960, plaintiff obtained a judgment by confession in the amount of $5,414.50 against Excel Wholesale Grocery Co., a corporation, Joseph C. Rutzky and appellant Harry N. Rutzky. On January 3, 1969, plaintiff brought this action against the Rutzkys to revive the 1960 judgment. Both Rutzkys were served with summons and defaulted. The complaint charged that there was due and owing plaintiff the sum of $3,814.50 plus interest from June 17, 1960. On January 27, 1969, a default judgment was entered for plaintiff in the amount of $5,414.50 plus interest from January 27, 1969.

On July 16, 1969, defendant filed his verified Section 72 petition to vacate the revived judgment against him. His affidavit recited that a judgment in excess of that prayed for in the complaint was entered against him by default. The affidavit also stated that according to his records which were previously lost, he had made payments on October 25, 1961, subsequent to the entry of the confession judgment, and that these payments reduced the indebtedness to $2,925. Defendant asked that the judgment of 1969 be reduced to conform with the prayer of the complaint and also requested that the court set a hearing to determine the credits to be given him for payments made.

Subsequently defendant served interrogatories on plaintiff asking that all payments which had been made on the 1960 judgment be set forth and by whom the payments were made. Defendant also sought to take plaintiff's discovery deposition. The court quashed the notice of deposition, but ordered plaintiff to answer the interrogatories. Plaintiff's sworn answers to the interrogatories stated that subsequent to the entry of the confession judgment on June 17, 1960, he had received payments totalling $3,000; $250 from defendant, $800 from Excel and $1,950 from Joseph Rutzky. Plaintiff had received payments aggregating $1,725 after October 25, 1961, including $1,500 from Joseph Rutzky on January 6, 1969. The answers also disclosed that in 1968 plaintiff had entered into an oral agreement with Joseph Rutzky concerning non-enforcement of the 1960 judgment as to Joseph.

On October 7, 1969, defendant filed an amended Section 72 petition

to vacate the judgment of January 27, 1969. This petition recited that the first time defendant learned of the entry of a judgment in an amount greater than that sought in the complaint was on July 7, 1969, when he was served with other process (apparently an execution or citation). Defendant repeated that he had made payments on October 25, 1961 which reduced the amount owed to $2,925. Defendant also stated that until he received the answers to interrogatories, he was unaware that payments had been made to plaintiff by other parties up to January 6, 1969. Plaintiff did not file a responsive pleading to either petition, but on October 7, 1969, filed a motion asking that judgment be increased to $6,345 to reflect recomputed interest. Thereafter the court denied defendant's motion to vacate the revived judgment of 1969, and this appeal follows.

■■ A section 72 petition invokes the equitable powers of the court, as justice and fairness require. (*Elfman v. Evanston Bus Company* (1963), 27 Ill.2d 609, 190 N.E.2d 348.) However it is incumbent upon the petitioner to show not only a meritorious defense to the action, but also that through no fault or negligence of his own the error of fact or the existence of a valid defense was not made known to the court entering the judgment. (*Elliott Construction Corp. v. Zahn* (1968), 99 Ill.App. 2d 112, 241 N.E.2d 129.) A Section 72 petition is not intended to relieve a party from the consequences of his own mistake or negligence. *Mehlenbacher v. Elgin, Joliet & Eastern Railroad Company* (1967), 87 Ill.App.2d 452, 230 N.E.2d 27.

■■ In the instant case, we believe that justice and fairness require that defendant be given an opportunity to defend against the revived judgment of 1969. The complaint recited that plaintiff sought $3,814.50 plus interest from June 17, 1960. Defendant was served with summons and voluntarily defaulted. Plaintiff obtained a default judgment in the amount of $5,414.50 including the principal sum of $3,814.50 plus interest in the amount of $1,600. When defendant learned that the revived judgment was entered for an amount greater than $3,814.50, he filed his Section 72 petition seeking a reduction of the judgment and requesting that he be given credit for money he personally had paid prior to the entry of the revived judgment. Under court order plaintiff revealed that he had received $2,750 in payment from the other parties after entry of the 1960 judgment. Most significantly, plaintiff received a $1,500 payment from Joseph Rutzky after filing the instant action for revival and shortly before obtaining a default judgment in the matter. Admittedly he gave no credit to defendant for that amount. Plaintiff has informed this court that he intended to reduce the amount of the judgment in the trial court at the conclusion of the Section 72 proceedings.

However we note that during the pendency of those proceedings plaintiff sought to increase the amount of the revived judgment. Plaintiff knew that payment was made by a third party after commencement of the instant action. Defendant was unaware of the payment, and could not be charged with negligence or delay in permitting the default judgment of January, 1969, to be entered against him. Defendant is entitled to a trial on the issue of payments made by himself and by others prior to the entry of that judgment. He is also entitled to a trial on the issue of the propriety of the interest received by plaintiff in the revived judgment.

For the foregoing reasons, the order denying the motion to vacate the judgment of January 27, 1969, is reversed and the cause is remanded for further proceedings not inconsistent with the findings of this opinion.

Order reversed and cause remanded.

DEMPSEY and McGLOON, JJ., concur.