ALEX WAYNE, a Minor, by I. W. Wayne, His Father and Next Friend, Plaintiff-Appellant, *v.* PERCIVAL THOMPSON, Defendant-Appellee.

(No. 56129;

First District (5th Division)—March 29, 1974.

Arthur Aaron Ellis and Morris W. Ellis, both of Chicago (Ellis & Ellis, of counsel), for appellant.

John W. Purney and Merrill C. Hoyt, both of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the denial of his petition seeking to vacate a default judgment. Since plaintiff's petition was filed after 30 days from the date of the default judgment, it will be reviewed as seeking relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72).

On June 26, 1965, defendant's automobile and plaintiff's motorcycle collided in the vicinity of 1422 West Fargo Avenue, Chicago, Illinois. On January 6, 1966, defendant filed suit against plaintiff in the municipal division of the circuit court for the property damage to his automobile sustained in the collision. The record does not indicate whether plaintiff filed his appearance or answer. On September 28, 1966, plaintiff filed the instant suit for personal injuries received in the aforesaid accident. Defendant filed an answer and a jury demand on November 10, 1966. No motion was ever made to consolidate these actions. On March 10, 1967, defendant obtained a default judgment on his property damage action. The record discloses that the default judgment was vacated on March 23, 1967, and plaintiff's father, as guardian ad litem, was given 20 days to appear and defend. No answer having been filed defendant again obtained a default judgment on his property damage action on May 22, 1967, in the sum of $351.37. On December 11, 1968, defendant filed a motion in the circuit court seeking to dismiss plaintiff's personal injury suit on the basis that the default judgment obtained in the property damage action resolved the issue of liability in his favor and that therefore the principle of res judicata was applicable to the instant action. On January 17, 1969, an order was entered dismissing plaintiff's personal injury action with prejudice. On January 14, 1971, plaintiff filed a [section 72] petition seeking to vacate the order of dismissal and he now appeals from the order denying that petition.

Plaintiff contends that the default judgment entered against him in the property damage suit is not determinative of the issues present in his personal injury action. We need not reach this question however, as we are of the opinion that plaintiff's section 72 petition does not show the exercise of due diligence in setting aside the January 17, 1969, judgment and, therefore, was properly denied by the trial judge.

■■ It is well established that a section 72 petition requires the petitioner to show not only a meritorious defense but also the exercise of due diligence. (*Mutual National Bank of Chicago v. Kedzierski*, 92 Ill.

App.2d 456, 236 N.E.2d 336.) The petition is not intended to relieve a party from the consequences of his own mistake, neglect or negligence (*Gordon v. Excel Wholesale Grocery Co.*, 1 Ill.App.3d 487, 274 N.E.2d 895) and it must be supported by affidavit or other appropriate showing as to matters not of record. Ill. Rev. Stat. 1971, ch. 110, par. 72(2).

It is argued before this court that plaintiff has at all times exercised due diligence in pursuing this cause and that the delay in presenting this petition was occasioned by his failure to receive either notice of the hearing to be held on defendant's motion to dismiss the instant suit or the granting of that motion. The record, however, negates plaintiff's claim. Affidavits filed by plaintiff indicate that on December 11, 1968, notice of defendant's motion to dismiss the personal injury suit was sent to plaintiff, that an attorney representing plaintiff did appear at the hearing on December 18, 1968, and that the hearing on the motion was continued to January 17, 1969. Plaintiff has filed no counter-affidavits or verified allegations denying: (1) that he received notice of the December 18, 1968, hearing; (2) that he was not in fact represented there by counsel; or (3) that he did not know that the hearing on that motion was continued to January 17, 1969. Furthermore, defendant has filed an additional affidavit indicating that notice of the motion to dismiss the personal injury suit was again sent to plaintiff's attorney on January 17, 1969; that counsel for defendant was the only one who appeared on that date to argue the motion and that the court thereupon entered an order dismissing plaintiff's suit. Defendant's affidavit that notice was mailed cannot be frustrated now by plaintiff's allegation that he did not receive that notice. (*Chavez v. Elgin, J. & E. Ry. Co.*, 32 Ill.App.2d 68, 176 N.E.2d 664.) Finally, we note nearly 2 years have elapsed from the dismissal of plaintiff's suit to the filing of this petition. Such delay indicates a failure to keep current of the circuit court calendar which would have reflected the status of this case. It is the duty of litigants to follow their cases in the court, and section 72 does not relieve a party from the consequences of his own negligence in this regard. (*Thompson v. Carson Pirie Scott & Co.*, 106 Ill.App.2d 463, 246 N.E.2d 131.) For these reasons, we conclude that plaintiff has failed to show the requisite due diligence necessary to obtain relief under a section 72 petition.

Accordingly, the order of the circuit court denying plaintiff's petition is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.