POSTAL FILM, INC., Plaintiff-Appellant, *v.* WILLIAM McMURTRY, JR., Defendant-Appellee.

(No. 73-362;

Fifth District—September 30, 1974.

Richard W. Sterling, of Belleville (Ben S. Urban, of counsel), for appellant.

Walker & Williams, P. C., of Belleville (John B. Gunn, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff, Postal Film, Inc., from an order entered by the circuit court of St. Clair County vacating a default judgment order which had previously been entered against the defendant, William McMurtry, Jr.

This action was commenced by the plaintiff to collect an account stated allegedly due from the present defendant, William McMurtry, Jr., individually and doing business as Bill's Camera Exchange and also from Bill's Camera Shop and Exchange, Inc. The individual defendant shall be hereinafter referred to as the defendant and the defendant corporation referred to as the corporation.

The action was filed on the 26th day of August, 1969. The defendant was personally served on September 2, 1969. Service was made on the corporation the same date by serving an officer of the corporation.

Default judgment was obtained against the defendant and the corporation on December 23, 1969. The judgment was for the amount of $5534.17 and $61.80 costs for goods and services furnished by the plaintiff consisting of "photographic finishing and processing services and Polaroid equipment."

The default judgment was vacated on September 10, 1973. From this order vacating the default judgment, this appeal has been taken by the plaintiff.

For an understanding of this case a chronology of the events is not only helpful but necessary.

After the plaintiff obtained the default judgment in December, 1969, the next occurrence was on January 22, 1970, when a citation to discover assets was served upon the defendant for his appearance on January 30, 1970. He failed to appear. Then on February 4, 1970, a citation to show cause why he should not be held in contempt of court was served on the defendant.

The record indicates that the defendant and plaintiff's attorney were present before the trial court on February 13, 1970, and both requested that "the matter" be continued until February 27, 1970. On February 27, 1970, the hearing on the citation to discover assets was then continued by agreement until March 13, 1970. On March 2, 1970, the defendant was served with an execution. The defendant was served by mail on March 9 with notice to attend the previously "agreed" hearing set for the 13th of March.

The defendant on March 12, 1970, filed his motion to vacate and set aside order, in which the conclusion that he, McMurtry, was not personally responsible for goods purchased from plaintiff, was alleged. It

was not accompanied by any supporting affidavit. The record indicates that on March 25, 1970, the trial court refused to hear the motion to vacate at the citation hearing and directed that counsel reschedule the motion.

The trial court then on August 29, 1973, entered its order stating "cause continued for filing of proper affidavits." The defendant filed an affidavit on the same date stating among other things, (1) that all services and products purchased from the plaintiff had been so done by the corporation, (2) that the corporation had been placed in involuntary bankruptcy during the fall and winter of 1969, (3) that the defendant believed the summons was directed to the corporate defendant, that for approximately 12 months of the 3½-year delay the defendant was in Federal prison, and (4) that the defendant felt that he had a "good defense" to the plaintiff's judgment.

On September 10, 1973, the plaintiff filed its motion to strike defendant's motion to vacate and set aside, and defendant's affidavit. As grounds, among others, for this motion the plaintiff asserted that the "[d]efendant failed to timely file such pleadings" and the "[de]fendant failed to allege facts showing due diligence."

The plaintiff has appealed urging that the court below erred in not granting its motion to strike defendant's motion to vacate and set aside, and defendant's affidavit and in granting defendant's motion to vacate and set aside order.

The plaintiff correctly asserts, and defendant in his brief concedes, that the defendant's pleading, filed more than 30 days after the entry of a default judgment, must be construed as a petition for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, § 72), as amended. *Mehr v. Dunbar Builders Corp.*, 7 Ill.App.3d 881, 289 N.E. 2d 25; *Forsberg v. Braiterman*, 101 Ill.App.2d 475, 243 N.E.2d 433 (abstract opinion).

■■ The appellant has cited several cases in support of its position. The case of *Johnson-Olson Floor Coverings, Inc., v. Branthaver*, 94 Ill. App.2d 394, 236 N.E.2d 903, involved a complaint for account due with a default judgment entered against the defendant. As in the instant case, 30 days after entry of the default judgment the plaintiff filed a citation to discover assets which was served on the defendant. Six days thereafter the defendant filed a section 72 motion to "reopen" the judgment. The defendant claimed that he had a meritorious defense because he had filed for bankruptcy and that he "was under a misapprehension that his pending bankruptcy relieved him of the responsibility of responding to suit in state court and therefore, he did not consult an attorney, file an

answer or otherwise enter his appearance in the matter." The trial court denied the defendant's motion and upon appeal the decision was affirmed. The appellate court addressed itself to the requirements of section 72 at page 397, where it stated:

"It is well settled that a determination under Section 72 involves the equitable powers of the court, as justice and fairness require. * * * Although this section is not intended to relieve a party 'from the consequences of his own mistake or negligence' * * * relief thereunder will be granted where the defendant shows a reasonable excuse for failure to act within the appropriate time, together with a statement of ultimate facts showing a meritorious defense."

The court continued at page 398, by stating:

"It is quite clear, however, that the defendant must show that his failure to defend was a result of *excusable* mistake, and that under the circumstances he acted reasonably, and therefore not negligently, when he failed to initially resist the judgment. * * *

While the question of the defendant's negligenc must be determined on the facts of each particular case, the decisions dealing with the question imply that the defendant's neglect is not excusable where he ignores the summons, or otherwise treats the proceedings with indifference."

Then, at page 401, the court added that:

"We are not here called upon to delineate hypothetically the circumstances under which a defendant's neglect will be excused where he relied on the advice or representation of his attorney or insurer. As noted above, such cases must depend on their particular facts, and to try to establish a general rule would create dangerous precedent. What we are deciding, however, is that the defendant who ignores the summons and takes no action whatsoever, in reliance on nothing more than his own evaluation of his legal rights, is guilty of inexcusable negligence as contemplated by section 72 and the cases decided thereunder."

The appellant also cites *Elliot Construction Corporation v. Zahn*, 99 Ill.App.2d 112, 241 N.E.2d 129. This case held that:

"* * * the petition [for Section 72 relief] itself must be sufficient in and of itself to warrant such a holding [vacating the default judgment]. In the case at bar it was incumbent upon the defendant to not only show a meritorious defense, but also facts which show that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to

appear to the trial court. Such motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. (*Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, 236 N.E.2d 719 (1968).)" (99 Ill.App.2d at 116.)

The court then affirmed the trial court's refusal to vacate the plaintiff's default judgment order. See also *Gordon v. Excel Wholesale Grocery Co.*, 1 Ill.App.3d 487, 274 N.E.2d 895.

■■ We are mindful that this court has the discretion to uphold an order vacating a judgment where to do otherwise would cause a great injustice to be done to the defendant. Section 72 is addressed to the equitable powers of the court. The exercise of such powers must be primarily concerned with the prevention of injustice. *Riley v. Unknown Owners of 304 North Oak Park Avenue Building*, 6 Ill.App.3d 864, 286 N.E.2d 806.

> "Courts are not strictly bound by precedent in affording post judgment relief. Whether or not the litigants are entitled to relief under section 72 depends on all the circumstances attendant on the entry of the default judgment. Many different factual situations would justify or necessitate the vacation of a decree or a portion thereof." 6 Ill.App.3d at 866.

In the present case a substantial effort has been expended by the parties in an attempt to justify, explain, excuse, or condemn the efforts of or lack of effort by the defendant after the default judgment had been entered. The delay of some 79 days after judgment has been confused with corollary issues as to when the defendant became aware of the judgment. The plaintiff asserts that the defendant must have gained knowledge 30 days after judgment upon receiving the citation to discover assets, and the defendant asserts that he received no knowledge of the judgment until the execution was entered and, of course, thereafter he reacted with diligence. No contention is made that fraud was a basis for any claim of relief.

■■ The defendant's motion to vacate states no facts upon which the court below could have found excusable the failure of the defendant to answer the allegations of the plaintiff. The affidavit filed by the defendant in support of his motion also is deficient in this aspect. The affidavit only contains one allegation that might be construed as a fact excusing the defendant's neglect. The defendant affirmed "[t]hat during that particular period of time [Fall of 1969], I was constantly being served with summons by various creditors of the corporation and that at the time I received the summons in the instant case, I did not realize that his was an individual suit instead of a suit against the corporation."

This court cannot and will not hold that because a defendant did not read or did not seek counsel to read a summons constitutes excusable neglect, mistake or absence of fault.

The facts of this case are too closely analogous to the *Johnson-Olson Floor Coverings* case for precedent to be ignored. Indeed, as stated in that case, at page 399: "Defendant has cited no case, and we know of none, when a defendant was granted relief under section 72 *after ignoring the proceedings on his own initiative.*" (Emphasis ours.) Likewise, we do not feel that a great injustice is done to the defendant.

> "Defendant here asks this court to excuse his conduct prior to the judgment, and hold that he acted reasonably under the circumstances. This we cannot do. The defendant is untrained in the law, and had no right to conclude, as a matter of law that he was immune from plaintiff's claim by virtue of the pending bankruptcy proceeding. To hold otherwise would be to give license to all future defendants to make a preliminary self-determination as to their legal rights, and then ignore the proceedings if they believe the complaint is without merit. Obviously the proper administration of justice could not condone such a practice." 94 Ill.App.2d at 400.

The order of the circuit court of St. Clair County vacating the default judgment is reversed with direction that the judgment be reinstated.

Order reversed with directions.

G. MORAN, P. J., and CREBS, J., concur.