CARROLL AND NEIMAN, INC., Plaintiff-Appellant, *v.* GEORGE SILVERMAN, Defendant-Appellee.

(No. 60734; )

First District (5th Division)—April 25, 1975.

Martin A. Smith, of Chicago, for appellant.

William V. Johnson, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order denying its section 72[1] petition which sought to vacate an order dismissing its action. The sole issue concerns the sufficiency of the petition.

Plaintiff brought an action seeking to recover a real estate brokerage commission. Defendant answered and filed a jury demand. From defen-

---

[1] Ill. Rev. Stat. 1971, ch. 110, par. 72.

dant's statement of facts it appears that, pursuant to the practice then existing, this case was assigned to the jury calendar in courtroom 1304 and that, sometime before March, 1973, all the odd-numbered jury cases, which included the instant case, were transferred from courtroom 1304 to 1306. We note from the record that on March 19, 1973, this cause was dismissed for want of prosecution. On May 1, 1973, plaintiff presented, in room 1306, a motion to vacate this dismissal before Judge Goldstein, and an order was entered on that date which vacated the dismissal and allowed defendant to withdraw his answer and file a motion to dismiss. Defendant then served notice on May 18, 1973, that he would move for a hearing on this motion to dismiss on May 25, 1973, in room 1304. Plaintiff requested a continuance and was subsequently informed by his law clerk, or by defendant's attorney, that the motion was continued to May 31, 1973. This continuance was granted by Judge Goldstein. Plaintiff did not appear on that day, and the motion to dismiss was sustained by order of the same judge, and it was before him that plaintiff presented its section 72 petition in room 1306.

Subsequently, an amended petition was filed by plaintiff and, in support thereof, plaintiff's attorney attached his affidavit and pages from his diary. In this affidavit he states that (1) defendant notified him there would be a hearing on the motion to dismiss on May 25, 1973, in room 1304, and an entry was made in affiant's diary for that date and room number; (2) he requested a continuance and was informed by defendant's attorney, or his law clerk, that the hearing was continued to May 31, and it was diaried for that date in room 1304; (3) although he does not recall whether he, an associate, or a representative of his office appeared in room 1304 on May 31, an entry was placed in his diary on that date that the hearing was reset for July 6 in Room 1306; (4) on July 6 his law clerk, who was sent to obtain a continuance, made a diary entry that the case was not on the court call that day; (5) he began an annual litigation review approximately March 1, 1974, and in April determined the motion to dismiss had been granted in room 1306 on May 31, 1973; and (6) he was misled by defendant's original notice that the hearing of the motion to dismiss would be in room 1304. After a hearing, at which both parties were present, Judge Goldstein denied the petition.

OPINION

It is plaintiff's contention that its amended petition demonstrated sufficient grounds for relief.

■■ A section 72 petition, although filed in the original proceeding, is not a continuation thereof but is treated as a new action (*Kukuk v. Checker Taxi Company*, 13 Ill.App.3d 5, 299 N.E.2d 468) and is subject

to the same rules of pleading as any other action (*Brockmeyer v. Duncan,* 18 Ill.2d 502, 165 N.E.2d 294). Therefore, it must state adequate grounds for relief and petitioner's entitlement thereto. *Mutual National Bank v. Kedzierski,* 92 Ill.App.2d 456, 236 N.E.2d 336.

■■■ Where, as in the present case, defendants did not challenge the sufficiency of the petition by motion to strike or by an answer, they have waived this right (*Wilson v. Wilson,* 56 Ill.App.2d 187, 205 N.E.2d 636) and, under these circumstances, the only question which a reviewing court can consider with respect to the petition is whether it totally fails to state a cause of action. (*De Jarnett v. Roseborough,* 94 Ill.App.2d 164, 236 N.E.2d 276; *Grizzard v. Matthew Chevrolet,* 39 Ill.App.2d 9, 188 N.E.2d 59.) In determining whether a cause of action is alleged here, we are guided by certain considerations; namely, that plaintiff had the duty and obligation to follow the progress of its case (*Johnson v. Hawkins,* 4 Ill.App.3d 29, 280 N.E.2d 291); that the petition is directed to the sound discretion of the trial court (*George F. Mueller & Sons, Inc. v. Ostrowski,* 19 Ill.App.3d 973, 313 N.E.2d 684); that relief is granted only after a showing of due diligence (*Danforth v. Checker Taxi Co.,* 114 Ill.App.2d 471, 253 N.E.2d 114); and that the remedy is not designed to relieve plaintiff of its own negligence (*Thompson v. Carson Pirie Scott & Company,* 106 Ill.App.2d 463, 246 N.E.2d 131.)

Here, plaintiff's cause of action rests solely on the ground that he was misled by the notice of hearing on defendant's motion to dismiss directing him to room 1304 instead of 1306. This is the only reason given for his failure to appear in room 1306 on May 31, 1973, the date of the dismissal order, and for his failure until April, 1974, to move for vacation of the order. This ground, left standing alone, might have been sufficient for the trial court to have vacated the dismissal. However, the record discloses other attendant factors; namely, that plaintiff had prior knowledge that this case was assigned to room 1306 from the fact that in March, 1973, it had been dismissed in room 1306 for want of prosecution; that plaintiff's motion to vacate that dismissal order was presented in room 1306 on May 1, 1973; that an order vacating that dismissal was entered in room 1306 on May 1, 1973, just 30 days prior to the entry of the order of dismissal involved here (May 31, 1973); that plaintiff's attorney is unable to account for the fact that the July 6 entry in his dairy shows the motion to dismiss was to be heard in room 1306; that plaintiff's attorney is uncertain who appeared in court on the date of the dismissal; that plaintiff's attorney does not know from whom or how his office obtained information, appearing in his dairy, that the hearing on the motion to dismiss was reset for July 6, 1973, in room 1306; that on July 6, 1973, some unknown person in the office of plaintiff's attorney made a

diary entry that the hearing set for room 1306 was "not on call"; that although plaintiff had knowledge the hearing was "not on call" in room 1306, no effort was made to determine the correct date for possible disposition of the motion to dismiss until March or April, 1974; that the section 72 petition was presented in room 1306 but not until April 25, 1974; and that all motions except the one in question were presented in room 1306 before the same judge who also entered all orders in the case.

The trial court determined that the petition was "insufficient as a matter of law" and, in view of the foregoing, we agree with that finding and affirm the judgment.

Affirmed.

DRUCKER and LORENZ, JJ., concur.