Marshall Grizzard, Plaintiff-Appellant, v. Matthew Chevrolet, a Corporation, Defendant-Appellee.

Gen. No. 62-O-28.

Fourth District.

January 14, 1963.

Wagner, Conner, Ferguson, Bertrand & Baker, of East St. Louis (John D. Bauman, of counsel), for appellant.

Nick D. Vasileff, of Madison, for appellee.

HOFFMAN, JUSTICE.

On July 17, 1961, the plaintiff filed a complaint against the defendant corporation for damages, alleging that an automobile which he had recently purchased from defendant was defective. On July 19, 1961 summons was served upon the defendant by the sheriff. The defendant failed to file any answer or otherwise plead to the complaint and on August 21, 1961 an order of default was entered and judgment assessed against defendant in the sum of $3,027.38.

On January 17, 1962, nearly 5 months after the judgment was entered, the defendant filed a petition to set aside and vacate said judgment. Attached to the petition and, in support thereof, was the affidavit of the president of the corporation wherein he set forth the following:

"That said judgment is void and should not have been entered, and the same should not be allowed to stand, because no proof was submitted by proper evidence to the Presiding Judge at the time of the trial of this cause, establishing that this defendant was in any way obligated or under a legal duty or responsibility for the alleged damages mentioned in the Complaint, and for the further reason that clear and convincing proof through proper evidence was not made to the Court by the plaintiff as to the actual reason or cause of the alleged damages on which said judgment was predicated, and for the further reason that said automobile was, in fact, free from the defects set forth in the alleged allegations of the Complaint, and plaintiff at no time complained to this petitioner about any apparent or latent defects in said automobile. Affiant further states that only one witness testified in this cause, to-wit: Robert F. Quinn, attorney for the plaintiff,

12

and that the said Robert F. Quinn, according to his own testimony, did not have first-hand knowledge or information as to the facts and issues testified to by him, and that, at best, the testimony of the said Robert F. Quinn was irrelevant, of no consequence, and not competent, and by virtue of the fact that, according to the record in this cause, there was no evidence on which the Court could enter a judgment.

"That when service of process was made upon petitioner in this cause of action your petitioner was under the impression that said cause of action was not, in fact, directed to and against petitioner but was, in fact, a cause of action directed to and against General Motors Corporation, one of the defendants herein, by virtue of the fact that your petitioner was a licensed franchise agent and distributor of Chevrolet automobiles for and on behalf of the defendant, General Motors Corporation, and consequently your petitioner was of the opinion that there was no duty or obligation upon petitioner to do or to cause to be done any act or thing in the defense of this suit, except that your petitioner notify a representative of said General Motors Corporation of this litigation, and this your petitioner did cause to be done, by contacting the law firm of Pope & Driemeyer, of East St. Louis, Illinois, attorneys for the defendant General Motors Corporation, and consequently your petitioner was in no way negligent or at fault."

On April 18, 1962 the petition of the defendant was allowed and the court entered an order setting aside and vacating the judgment of August 21, 1961. From this order of April 18, 1962, the plaintiff appeals.

There is no question but what the trial court here had jurisdiction of the defendant and of the subject matter. Because "A trial court cannot review its own order or judgment and correct the same, ei-

13

ther as to any question of fact found or decided by the court or as to any question of law decided by it, after the expiration of thirty days" (Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294, 296), the court must in this case look to Section 72 of the Civil Practice Act to find authority to allow the relief the defendant seeks. People v. Garfield, 33 Ill App2d 164, 169, 178 NE2d 666, 669.

Section 72 of the Civil Practice Act, insofar as it is applicable, reads as follows:

> "Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. Writs of error coram nobis and coram vobis, writs of audita querela, bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered." Section 72, Civil Practice Act (Ill Rev Stats 1961, c 110, § 72).

In the Brockmeyer case, the Supreme Court said that Section 72 substitutes a simple remedy by petition for various forms of post-judgment relief heretofore available, and enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered, would have prevented its rendition. In that case the court went on to say that a petition under Section 72 is therefore the filing of a new action, and it is necessary that the petitioner allege and prove a right to the relief sought; that where the petition fails to state a cause

14

of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to dismissal; that the rule is well established that a person may not avail himself of the remedy under Section 72 unless he shows that "through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court"; and that "Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence."

Prior to Brockmeyer, the Supreme Court in Glenn v. People, 9 Ill2d 335, at page 340, 137 NE2d 336 at page 340, stated: "The error of fact which the writ may be employed to correct includes such matters as the death of one of the parties pending the suit and before judgment; infancy where the party was not properly represented by a guardian; coverture, where the common law disability still exists; insanity at the time of the trial; and a valid defense which existed in the facts of the case but which, *without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake.*" (Italics ours.)

■ The defendant here has the burden of alleging and proving a sufficient basis for vacating a final and matured order. Chavez v. Elgin, Joliet and Eastern Ry. Co., 32 Ill App2d 68, 74, 176 NE2d 664, 666. In the instant case, the defendant's entire position is contained in the affidavit in support of its petition to vacate the judgment, the salient portions of which we have above set forth in full. The only reference therein pertaining to a defense are the words that "said automobile was, in fact, free from the defects set forth in the alleged allegations of the Complaint, and plaintiff at no time complained to this petitioner about any apparent or latent defects in said automobile." The only reference to diligence is the statement that in the defendant's opinion "there was no

15

duty or obligation upon petitioner to do or to cause to be done any act or thing in the defense of this suit."

■ Clearly, the affidavit alleges no facts suggesting that a valid defense existed which "without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake." The statements in the affidavit are more conclusions. "The mere statement that a defendant has a meritorious defense is not sufficient. The grounds and facts upon which the merits of the defense arise must be stated so that the court will be enabled to judge the merits of such defense." Whalen v. Twin City Barge and Gravel Co., 280 Ill App 596 (605, 606). See also: Lamoreaux v. Havranek, 25 Ill App2d 51, 165 NE2d 547. To put it another way, there must be shown in the petition and affidavit, facts, not previously appearing of record, which if they had been known to the trial court at the time the default order was entered, would have prevented its entry.

Since the petition and affidavit presented no situation appropriate for correction under Section 72, we must conclude that, unfortunate as this may appear to defendant, it is clear that the defendant was fully informed of this suit and only through its own negligence lost the opportunity to defend itself. (See Stanley v. Bank of Marion, 23 Ill2d 414, 420, 178 NE2d 367, 370.) Therefore, under the facts of this case, we must hold that the trial court had no power under Section 72 of the Practice Act to set aside the judgment in question.

■■ The defendant has argued that the plaintiff is foreclosed from urging that the petition and affidavit did not contain the necessary elements to allow the court to vacate the judgment. This argument is predicated upon the failure of the plaintiff to move to strike the petition and affidavit in the trial court. In support of this argument the defendant cites Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d

16

512 and Maierhofer v. Gerhardt, 29 Ill App2d 45, 172 NE2d 201, in which cases there is authority to the effect that by foregoing such motion attacking the sufficiency of the petition, the plaintiff waived any question as to its sufficiency and such sufficiency is not available for consideration in a court of review. This rule presupposes that the affidavit and petition are not so defective that they will not sustain an order under Section 72. The rule is that, for pleading purposes, a failure to object waives any insufficiency to state a good cause, but it never waives a total failure to state a cause. See 30 ILP Pleading Section 232. It has been consistently held that when a pleading absolutely fails to state grounds for action, such pleading may be challenged at any time. Wagner v. Kepler, 411 Ill 368, 371, 104 NE2d 231, 233; Norton v. Cook, 14 Ill App2d 390, 144 NE2d 847. Here, the petition and affidavit, as noted above, totally and completely failed to show a meritorious defense or due diligence upon the part of the defendant. There is absolutely nothing upon which to sustain the order of the court.

■ ■ The defendant further argues that the philosophy we expressed in Widucus v. Southwestern Electric Cooperative, Inc., 26 Ill App2d 102, 167 NE 2d 799, controls here. In that case, which involved a motion to vacate a default filed within 30 days of the default order we said that the question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. We agree with the First District Appellate Court's statement that the general principles enunciated in Widucus apply to proceedings under Section 72 (see Boyle v. Veterans Hauling Line, 29 Ill App2d 235 at page 247, 172 NE2d 512 at page 518), but those principles may not be called into play

when the petition on its face shows that the petitioner is not entitled to relief and when the rules and principles for the application of Section 72 which have been enunciated by the Supreme Court overrule the invoking of relief thereunder.

The defendant argues further that the case of Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, supports his position here. In that case the Supreme Court applied equitable principles in administering a proceeding under Section 72 in order to prevent a failure of justice. But the facts there are easily distinguishable from the instant case. In the Ellman case, the plaintiff's attorney followed a pattern of conduct after the default judgments were entered for which there was no justification offered and which was designed to mislead and lull the defendant until after the passage of the expiration of 30 days. We have carefully examined the record before us and can find nothing in the conduct of plaintiff's attorney here which would bring this case within the Ellman rule.

The final objection of defendant is that the original judgment was not based upon proper testimony. Even if this were true, such error is not corrected by the proceeding here involved. As we said above, there is no question but what the trial court here had jurisdiction of the defendant and of the subject matter.

In view of what we have said we conclude that the trial court erroneously set aside and vacated the judgment against defendant. This order is reversed and the cause is remanded with directions to reinstate the judgment previously rendered.

Reversed and remanded.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.