**Ezra De Jarnett, Plaintiff-Appellee, v. William Rose-borough, Defendant-Appellant.**

**Gen. No. 50,664.**

First District, Fourth Division.

April 10, 1968.

Asher, Greenfield, Gubbins and Segall, of Chicago (Irving M. Greenfield and Irving D. Levin, of counsel), for appellant.

James E. Land, of Lansing, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from vacatur of an order dismissing plaintiff's cause of action for want of prosecution.

This action arose as a result of an automobile collision. Plaintiff sued for damages to his vehicle in the sum of $734.67. Defendant filed his answer and the cause was set for trial on November 16, 1964. Subsequently, the court entered orders "by agreement of the parties" continuing the case for trial until November 30, 1964, and to January 11, 1965. After another continuance by agreement to January 25, 1965, the court, on that date, entered an order dismissing the cause for want of prosecution.

On April 26, 1965, a verified petition on the oath of the attorney for plaintiff was filed, asserting:

> That plaintiff was prepared to proceed at trial on January 11th and had in fact arranged for his client and the witness to come to Blue Island from Tamms, Illinois, which is a considerable distance. That on Friday, January 8th, plaintiff's attorney received a telephone call from defendant's attorney advising that he had a criminal matter scheduled for January 11th and could not proceed to trial, and requested plaintiff's counsel to again continue the matter. Defendant's counsel further stated that he was certain he could compromise the matter pursuant to the demands submitted to him by plaintiff at that time, and that plaintiff's counsel relying upon the offer of compromise agreed to forego insistence upon proceeding to trial. The plaintiff's counsel was in fact unable to call his clients in Tamms, Illinois because they had already left for Blue Island on Saturday, January 9th, and the plaintiff did in fact appear in court at the time of trial, being January 11th, and that they telephoned Petitioner who advised them of settlement in that the case should be allowed to be dismissed for want of prosecution. That subsequent to the above action, the defendant has advised plaintiff's counsel that he cannot now settle the matter, whereupon plaintiff moves the cause be set down for a day certain for trial.

166

Defendant's lawyer filed a verified answer in opposition to the motion and in reply to the petition. On May 10, 1965, the court, "being advised in the premises," vacated the dismissal order and reset the case for trial. Defendant appeals from the order of May 10 reinstating the case.

Relief from final orders after thirty days from their entry may be had upon petition, as provided in section 72 of the Illinois Civil Practice Act. Ill Rev Stats (1963), c 110, § 72(1). Therefore, though not denominated as such, plaintiff's petition will be treated as seeking relief under this section. While such a petition is filed in the same proceeding, it is in essence a new action subject to the usual rules governing civil cases.

A section 72 petition is subject to a motion to dismiss if it fails to show on its face that petitioner is entitled to the relief sought. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294; First Nat. Bank & Trust Co. v. Desaro, 43 Ill App2d 153, 155, 193 NE2d 113. Generally, where the opposing party elects not to file a motion to dismiss and, instead, answers on the merits, he will be deemed, on review, to have waived his opportunity to attack the sufficiency of the petition. Selvaggio v. Kickert School Bus Line, Inc., 46 Ill App2d 398, 405–406, 197 NE2d 128; Maierhofer v. Gerhardt, 29 Ill App2d 45, 48, 172 NE2d 201. However, as in any civil action, if there is a total failure to state a cause of action or, as in this case, a basis for statutory relief, then there exists no pleading upon which to sustain a judgment or order, and the primary pleading may be challenged at any time. Grizzard v. Matthew Chevrolet, 39 Ill App2d 9, 16–17, 188 NE2d 59.

Section 72 does not afford a procedure whereby a party is relieved of the consequences of his own mistake or negligence. Piper v. Reder, 70 Ill App2d 141, 144, 217 NE2d 487; Gundersen v. Rainbow Cleaners & Laundry, 77 Ill App2d 268, 272, 222 NE2d 41. Rather, section 72 authorizes the court to exercise its equity powers

to grant relief where necessary to prevent injustice. *Elfman v. Evanston Bus Co.*, 27 Ill2d 609, 613, 190 NE2d 348. If, under the circumstances of the case, "substantial justice" dictates that the judgment be set aside, then it would appear under *Elfman* that the court has the power to take such action. However, if the petition is to comply with the requirements of section 72, it must, at the very least, demonstrate to the court why it would be unjust to allow the questioned order to stand.

In the instant case, petitioner represents as the basis for relief that as a result of a phone conversation with defendant's attorney on January 8, petitioner instructed his client, the plaintiff, who was present in court on January 11, to allow the case to be dismissed for want of prosecution. However, the record reveals that the case was not dismissed on January 11 but was continued *by agreement of the parties* until January 25. Petitioner does not aver that he had no knowledge of this continuance. The petition is also silent as to how much time elapsed after the dismissal before petitioner was advised that defendant would not settle the case. Nor is there any averment that petitioner was diligent in pursuing the settlement negotiations or diligent in pursuing his other remedies when the settlement negotiations failed. No facts are alleged to excuse absence from court on January 25 to prosecute or continue the case, or to show when petitioner learned of the dismissal. While petitioner asserts that he had foregone proceeding to trial on January 11 in reliance on the January 8 phone call, he makes no representation to the court that he relied on this "agreement" in allowing the case to be dismissed on January 25.

Petitioner swore that during the phone conversation "[D]efendant's counsel further stated that he was certain he could compromise the matter pursuant to demands submitted to him by plaintiff at that time." There is no allegation that defendant's attorney expressed a present

intent to compromise the claim for a definite amount at that time so as to form a contract of settlement. The word "could" connotes supposition, desire, hypothesis or possibility, rather than a state of present fact. Further, no attorney would be justified in relying on such a representation to create an estoppel.

In summary, the petition fails to assert facts sufficient: (1) to support the legal conclusion that a contract of settlement between the parties was entered into on January 8; (2) to insulate the plaintiff from the consequences of his conduct by virtue of the doctrine of promissory estoppel; (3) to excuse the failure of plaintiff or his representative to appear before the court on January 25; or (4) to indicate that plaintiff was diligent in pursuing his rights thereafter. We are therefore unable to find in the petition any basis in fairness or justice for granting the relief sought. It does not, in our opinion, furnish foundation for the court's order vacating the dismissal. Grizzard v. Matthew Chevrolet, supra. Accordingly, the Circuit Court's order of dismissal is reversed.

Reversed.

McCORMICK, P. J. and DRUCKER, J., concur.