**Norman Gall, Plaintiff-Appellee, v. Flash Cab Company, an Illinois Corporation, and Anthony Streeter, Defendant-Appellant.**

**Gen. No. 52,591.**

First District, Second Division.
October 1, 1968.

Irvin Tischer, of Chicago, for appellant.

Phillip S. Makin, of Chicago (Louis P. Miller, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On July 29, 1965, on motion of the court, an order was entered reciting that "the cause duly coming on pretrial,

and none of the parties responding," the cause be dismissed for want of prosecution at plaintiff's costs.

On July 28, 1967, plaintiff filed a "Notice of Motion" that at 4:00 p. m. on that day he would present a petition which recited that the attorney for the plaintiff "never received notice by mail, telephone, or otherwise, of the fact that a D.W.P. order" had been entered "for failure of counsel for plaintiff to appear at such pretrial conference," and that the order will work a hardship upon the plaintiff and deny him his day in court. Plaintiff prayed that the order dismissing the cause for want of prosecution be set aside.

On July 28, 1967, the court allowed the filing of the motion to vacate the order of dismissal. On August 4, 1967, Flash Cab Company filed its "Special and Limited Appearance" attacking the jurisdiction of the court to pass upon the matter under section 72 of the Civil Practice Act because the petition was not filed within two years after the dismissal order of July 29, 1965, and because the parties to the petition did not receive notice of the filing of the petition as provided by law. The relief requested in the "Special and Limited Appearance" was denied by the court in an order stamp-dated August 14, 1967, but hand-dated August 4, 1967, and Flash Cab Company was given leave to plead to the petition. Flash Cab Company filed a motion to strike and dismiss the petition on August 8, 1967 and in an order stamp-dated August 14, 1967 but hand-dated August 11, 1967, the court denied the motion to strike and dismiss the petition, vacated the order dismissing the cause for want of prosecution, and reinstated the cause upon the trial call. Flash Cab Company appeals.

The two-year period within which the petition under section 72 of the Practice Act must be filed would expire on July 29, 1967. The petition was filed on July 28, 1967.

Therefore, it was filed within the two-year limitation. The court entered the order and set it for hearing pursuant to Rule 2.2 of the Uniform Rules of the Circuit Court providing that emergency motions may in the discretion of the court be heard without giving prior notice. In the instant case a short notice was given. The court knowing that the limitation period was about to expire, recognized the right of the plaintiff to file the petition and set a time for a hearing thereon. This procedure preserved the right of the defendant to have its day in court in opposition to the petition.

The petition on its face shows a lack of diligence. The petition does not state that the plaintiff did not know that the case was on the pretrial call. The only ground advanced is that the attorney for the plaintiff did not receive a notice by mail, telephone, or otherwise of the fact of the dismissal. The petition shows that no one appeared for the plaintiff on the pretrial call. The petition does not offer any excuse for the failure to appear or for the delay in filing the petition until one day short of the two-year limitation period.

Plaintiff relies strongly on the case of Fennema v. Vander Aa, 93 Ill App2d 162, 236 NE2d 409. In that case, the Appellate Court found that an order dismissing a suit for injuries at a pretrial conference was void because counsel for the plaintiff had not received notice of the conference. However, in Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719, decided after the Fennema case, the Supreme Court upheld an order of dismissal of a law suit at pretrial conference, stating at page 467:

> "It is significant that although plaintiff denied knowledge of both the pretrial conference and of the dismissal, she does not allege that no notices were sent to her or to her attorney of record nor does she deny that notice of the pretrial and the dismissal were duly published in the Chicago Daily Law Bulle-

tin. . . . The section 72 petition does not allege and there is no suggestion that plaintiff's lack of knowledge was due in any way to fraud on the part of defendants or the court.

·  ·  ·  ·  ·  ·

". . . We realize that the great volume of litigation in metropolitan centers increases this burden and fairness requires an accommodation between courts and lawyers in matters of notices. Nevertheless the practical administration of justice requires that the litigant undertake the burden of following his case if this be possible.

"Rule 25 of the circuit court of Cook County in force at the time of the dismissal of this case provided as follows:

" 'Rule 25. Sec. 1. Parties shall take notice of all calls of the trial calendar as well as of all other calendars and lists provided for in these Rules.

" 'Sec. 2. Unless otherwise directed by the Executive Committee, notice of all calls shall be published in the Chicago Daily Law Bulletin not later than in its issue for the day on which the call is to be had.'

"In addition to such published notice the parties appear to agree that it was a generally accepted practice to send a post-card notice to attorneys of record both as to pretrial conferences and dismissals. There is no allegation that notice was not published in the Chicago Daily Law Bulletin or that post-card notices were not sent.

"Plaintiff merely claims she did not receive the post-card notices and did not see the notice in the Law Bulletin. The gist of her argument is that it is difficult, if not impossible, for a small law office to check each of its cases in the Law Bulletin. We do not agree. While the task is not an easy one, it is less onerous than to require the litigant to be in

67

daily attendance at court to check his case. Cf. Bonney v. McClelland, 235 Ill 259.

"We do not believe that the facts alleged show such fraud, mistake or fundamental unfairness as would justify a collateral attack upon a final judgment nineteen months after its rendition."

Because of the failure of the petition to make a reasonable showing of diligence the order stamp-dated August 14, 1967 but hand-dated August 11, 1967 vacating the order dismissing the cause for want of prosecution is reversed and the cause is remanded with directions to reinstate the dismissal order of July 29, 1965.

Order reversed and cause remanded with directions.

McNAMARA and LYONS, JJ., concur.