**Eva Elaine Smith, et al., Plaintiffs-Appellees, v. Alexander A. Pappas, Defendant-Appellant.**

**Gen. No. 52,866.**

First District, Second Division.

June 17, 1969.

James M. Patek, William M. Flaherty, and John J. O'Connor, of Chicago, for appellant.

Rosengard, Hecht & Moltz, of Chicago (Eugene Lieberman and Bernard W. Moltz, of counsel), for appellees.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order entered on November 20, 1967, vacating an order of dismissal entered December 16, 1965 for plaintiffs' failure to answer defendant's interrogatories.

On September 1, 1965 plaintiffs filed their actions for personal injuries alleged to have been sustained in an automobile accident, the action of each plaintiff being set out in a separate count of a single complaint. The defendant filed his answer, jury demand, and three sets of written interrogatories, one set for each plaintiff. The plaintiffs, in turn, filed interrogatories and objections to defendant's interrogatories, but failed to call for a hearing on the objections filed. On December 16, 1965, the trial court sustained defendant's motion that plaintiffs' complaint be stricken and the suit dismissed for failure to answer defendant's interrogatories within the time prescribed by rule.

Plaintiffs, on August 10, 1967, filed a Section 72 Petition (Ill Rev Stats, c 110, § 72) praying vacation of the order of dismissal. The petition alleged as grounds for the relief that counsel had agreed to answer each other's interrogatories and not to appear at the scheduled hearing on defendant's motion for dismissal for failure to answer interrogatories. The petition further alleged that counsel for defendant appeared and obtained an order of dismissal notwithstanding the agreement. On November 20, 1967, the prayer of the petition was granted, the order of dismissal vacated, and the cause placed on the

jury calendar. It is from the order of November 20, 1967, that defendant prosecuted this appeal.

■ The defendant-appellant contends that plaintiffs failed to demonstrate sufficient grounds for relief under Section 72 of the Civil Practice Act. A reviewing court, in situations such as the present where the record does not contain a report of the proceedings and where the order appealed from recites that the court is fully advised in the premises, must presume that the court acted in conformity to law and had before it sufficient facts to support its order. Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d 512 (1961). We do not, therefore, consider the merits of the action, and there remains to be considered only the sufficiency of the petition.

■■ A petition under Section 72 of the Civil Practice Act, although filed in the original proceeding, is not a continuation thereof, but is treated as a new action. It is subject to the same rules of pleading as any other action, and therefore the petition must state adequate grounds for relief and petitioners' entitlement thereto. Mutual Nat. Bank of Chicago v. Kedzierski, 92 Ill App2d 456, 236 NE2d 336 (1968); Wilson v. Wilson, 56 Ill App2d 187, 205 NE2d 636 (1965). The only question with respect to the petition which this court may consider is whether it totally fails to state a cause of action and is thus insufficient to support the order of the court below, less serious defects, if any, having been waived by defendant-appellant's having failed to challenge the sufficiency of the petition in the trial court. De Jarnett v. Roseborough, 94 Ill App2d 164, 236 NE2d 276 (1968); Grizzard v. Matthew Chevrolet, 39 Ill App2d 9, 188 NE2d 59 (1963).

The defendant-appellant contends that the petition is totally defective by reason of plaintiffs having failed to allege facts in support of the contention contained therein that they have a meritorious cause of action, citing Grizzard v. Matthew Chevrolet, 39 Ill App2d 9,

188 NE2d 59 (1963). In that case the defendant was denied Section 72 relief after a default judgment had been entered against him, the court finding (1) that the reason for the default having been entered was the negligence of the defendant from which Section 72 is not intended to provide relief, and (2) that the mere assertion by the defendant that he had a meritorious defense was a conclusion only, which could not be considered on its merits for the purpose of granting Section 72 relief.

 Appellant reasons that since a defendant who seeks to have a default judgment set aside must allege facts in support of his allegation that he has a meritorious defense, a plaintiff who seeks relief from an order of dismissal must likewise allege in his petition facts which support the existence of a meritorious cause of action. We cannot agree. The facts which must be alleged in a petition for relief under Section 72 are not those which formed the basis for the original action, but those which allegedly entitle the petitioner to the relief sought. Thus, where a defendant seeks to vacate a default judgment on the ground that he has a meritorious defense, he must allege facts in support of the existence of that defense. Where, however, in a case such as the present one the alleged ground for relief is the existence of some ultimate fact unknown to the court at the time of entry of the order which, if known, would have prevented rendition of the judgment, the allegations of the petition must be framed to support the existence of the ultimate fact asserted. Here the fact asserted to exist which, if known to the court, would have prevented rendition of the judgment, was an alleged agreement between counsel that neither would appear at the hearing on defendant's motion to dismiss and that each would answer the other's interrogatories. Allegations of fact in support of that ultimate fact, as well as diligence and lack of negligence on the part of plaintiffs-appellants are contained in the petition.

 We conclude that the petition does not totally fail to state a cause of action and therefore does support the order of the trial court. The order of the Circuit Court, vacating the order of dismissal, is affirmed.

Order affirmed.

BURKE and McCORMICK, JJ., concur.