**David Muniz, Plaintiff-Appellee, v. James E. Wamsley, Defendant-Appellant.**

**Gen. No. 53,165.**

First District, Second Division.

July 28, 1970.

John W. Butcher, of Chicago, for appellant.

Baraz & Sotos, of Chicago (Marshall J. Baraz, Dom J. Rizzi, and Frank M. Greenfield, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook County denying defendant's petition, made under section 72 of the Civil Practice Act (Ill Rev Stats (1965), c 110, § 72), to vacate a default judgment which had been entered against him. The defendant contends that the trial court abused its discretion in denying the relief sought.

The record before us indicates the following. The original action was commenced in June of 1964, by the filing of a complaint for personal injuries and property damage and praying judgment for damages in the amount of $5,000. The sheriff's return indicates that service was had upon the defendant by leaving a copy of the summons and complaint with Mrs. Wamsley (defendant's mother), at the defendant's usual place of abode and mailing additional copies to the defendant at his usual place of abode. In August of 1964, an appearance and answer were filed on behalf of the defendant.

Neither of these documents bear the signature of the attorney by whom they purport to have been prepared, although a name is typed in the space provided for identification of counsel. In November of 1966, a default judgment was entered against the defendant in the amount of $1,250.

In his section 72 petition and supporting affidavit the defendant averred that he did not have notice of the cause, specifically, service of process, appearance, answer, or judgment, until August of 1967. In attacking the sheriff's return of service, the defendant averred that at the time service was attempted he was not a resident of the State but had become a resident of the State of Arizona, and therefore, the place where such service was attempted was not his usual place of abode. In this same connection there was filed an affidavit made by the mother of the defendant, in which she affirmed that when a summons directed to her son, the defendant, was delivered to her home in July of 1964, she informed the officer that her son no longer lived there. She also averred that her son, the defendant, left Illinois to become a resident of the State of Arizona in December of 1963, that he became a resident of that State, and did not return to Illinois until November of 1964. Finally, defendant's petition and affidavit in support thereof set forth that the attorney who purported to act for him was neither appointed by nor known to him.

Plaintiff did not file a responsive pleading below. Therefore, all facts well pleaded and supported by affidavit must, for purposes of this appeal, be taken as true and the legal sufficiency of the petition can be considered only to the extent of determining whether it is so fatally defective as to be incapable of supporting an order granting the relief sought, thus requiring the Circuit Court to deny relief. Smith v. Pappas, 112 Ill App2d 129, 251 NE2d 390 (1969), and the cases cited therein.

Thus, unless the allegations of the petition are not sufficient to support an order for the relief prayed, we must hold that the Circuit Court abused its discretion in denying that relief.

■■ Section 72 of the Civil Practice Act substitutes a single simple remedy for various forms of post-judgment relief previously available. Its purpose is to bring before the court rendering judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719 (1968). In Glenn v. People, 9 Ill2d 335 at 340, 137 NE2d 336 (1956) the court stated:

". . . The error of fact which the writ may be employed to correct includes such matters as the death of one of the parties pending the suit and before judgment; infancy where the party was not properly represented by a guardian; coverture, where the common law disability still exists; insanity at the time of the trial; and a valid defense which existed in the facts of the case but which, without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake. . . ."

The petition, although filed in the original action, is not a continuation thereof, but is a new proceeding and as such is subject to the same rules of pleading as any other action. The petition must state adequate grounds for relief and the petitioner's entitlement thereto. See Smith v. Pappas, 112 Ill App2d 129, 251 NE2d 390 (1969).

In the instant case, the facts which defendant sought to bring to the attention of the court were that he was not a resident of the State of Illinois at the time that service was attempted and thus, service was not had upon him at his usual place of abode as required by statute; that he was not served with process; that the appearance

and answer filed on his behalf were outside his knowledge until he first learned of the case in August of 1967, after the default had been entered; and that he did not know or appoint the attorney who purported to act for him. The petition contains no allegations with respect to the existence of a meritorious defense. In addition, an allegation in the petition that plaintiff has perpetrated a fraud upon the defendant and the court is not supported by the affidavit.

■■ We find the petition to be totally defective for failure to state adequate grounds for relief. As previously noted, the petition contains no allegation that a meritorious defense exists. Further, the allegations contained in the petition which suggest that a fraud was perpetrated upon defendant and the court stand unsupported by allegations of fact in either the petition or accompanying affidavit. Finally, the allegation that defendant was not served with process is not sufficient to support a finding that the judgment entered below was void for want of jurisdiction. The original action sounded in tort and thus jurisdiction over defendant's person is established under section 17(1)(b) of the Civil Practice Act.

We find no error in the Circuit Court's denial of defendant's petition. Accordingly, the judgment of that court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.