222

DURGOM CONCRETE PIPE COMPANY *v.* BELVIDERE HIGHLANDS DEVELOPMENT CORPORATION *et al.*—(COUNTRYMAN LUMBER COMPANY, Defendant and Counter-claimant—Appellee, *v.* HOWARD SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant.)

(No. 70-161;

Second District—March 25, 1971.

*Rehearing denied April 26, 1971.*

Ray & Glick, of Libertyville, and Kenneth Palmer, of Rockford, for appellant.

David F. Smith, of Loves Park, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an order denying a motion to vacate the entry of orders which were based upon the allowance of a petition under Section 72 of the Civil Practice Act.

The facts in the case show that Countryman Lumber Co., referred to as plaintiff herein, as a party defendant, filed an intervening petition and counterclaim in a suit instituted by Durgom Concrete Pipe Co. to foreclose a mechanic's lien. Soon after the petition was granted, the original suit was settled and Durgom's complaint was dismissed with prejudice. There remained the plaintiff's counterclaim against the Belvidere Highland Development Corporation (hereinafter referred to as Belvidere), City National Bank and Trust Co. of Rockford, Illinois, the First National Bank and Trust Company of Barrington (hereinafter referred to as First National), and Howard Savings and Loan Association. Only Howard Savings and Loan Association (hereinafter referred to as defendant), appeals.

Before the counterclaim was at issue, the plaintiff entered into a settlement agreement with Belvidere. The terms of the agreement were that plaintiff was to deposit a release and satisfaction document, and Belvidere was to deposit the sum of $10,000 with the First National. Upon completion of these acts, First National would deliver the $10,000 to

the plaintiff and Belvidere would receive the release and satisfaction document. Prior to the fulfillment of the terms, plaintiff moved the court to dismiss its pending counterclaim with prejudice and, on May 14, 1969, an order was entered in compliance with the plaintiff's motion.

Belvidere failed to deposit the money and, approximately five months later, plaintiff filed a petition to set aside the order of dismissal. Various notices of the petition were sent to the attorneys for the parties involved, but none of the parties appeared at the hearing on the petition, nor did they appear at a later hearing set for proving damages on the plaintiff's reinstated counterclaim.

Defendant appeals the trial court's decision vacating the order of May 14, 1969, and the subsequent judgments entered in behalf of the plaintiff. Basically, it is contended that, for two reasons, the trial court erred in that: one, the plaintiff committed procedural error with regard to notices and, two, the petition was insufficient to grant the relief allowed. For the purpose of this appeal it will be necessary to consider only the second reason.

On this point, defendant argues that, even if we were to assume that the petition contained only well-pleaded facts supported by affidavit and that these facts were to be taken as true and no responsive pleadings were filed, still, relief could not be granted because the petition is so defective as to fail to state a cause of action under Section 72. *Smith v. Pappas* (1969), 112 Ill.App.2d 129; *Muniz v. Wamsley* (1970), 127 Ill. App.2d 410.

On the other hand, plaintiff argues that Section 72 is not limited to facts which, if known at the time of the judgment, would have prevented the entry thereof; that relief is available where the petitioner shows that, through no fault or negligence on its part, a judgment was obtained; that, in this case, the petition stated a cause of action because it alleged that plaintiff claimed a lien, that as an inducement to dismiss this suit, the attorney for Belvidere represented that $10,000 would be placed in escrow, and that in reliance, plaintiff dismissed its suit.

Section 72 provides for relief from a judgment after 30 days from the entry thereof where the petition is filed within two years of the date of the judgment. It replaces the relief previously available under various common law writs and in equity. The Section, and one of its functions, is described in *Calabrese v. Hatlen Hgts. Sewer & Water* (1966), 34 Ill. 2d 483. There the court said, at page 485:

"Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 72,) was designed to provide a simple but comprehensive procedure by which a litigant, after 30 days, might seek to be relieved from a final judgment or decree on grounds such as fraud, death, lack of juris-

diction, errors of law apparent on the face of the record, and the like, which formerly supported the granting of relief under a bill of review, a motion in the nature of a writ of error *coram nobis* and others. [Citation omitted.] One function of the section is to bring to the attention of the court matters of fact not appearing of record which, if known to the court at the time judgment was entered, would have prevented its rendition, [citations omitted] and it was not intended to relieve a litigant from the consequences of his own negligence."

In *Glenn v. The People* (1956), 9 Ill.2d 335, the court said, at page 340:
"* * * The error of fact which the writ may be employed to correct includes such matters as the death of one of the parties pending the suit and before judgment; infancy where the party was not properly represented by a guardian; coverture, where the common law disability still exists; insanity at the time of the trial; and a valid defense which existed in the facts of the case but which, without negligence on the part of the defendant, was not made, having been prevented through duress, fraud or by excusable mistake. * * * The petition or motion under the statute is the filing of a new action, civil in nature, and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. [Citation omitted.] Where the motion fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss."

Also see, *Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 505; *Danforth v. Checker Taxi Co., Inc.* (1969), 114 Ill.App.2d 471, 475.

Another function of the Section is to provide equitable relief in certain cases. This equitable function was first set forth in *Ellman v. DeRuiter* (1952), 412 Ill. 285. Since plaintiff relies on that case, and since Section 72 in its present form is the statutory enactment of the case, (SHA, ch. 110, par. 72, Committee Comments) it is necessary to examine it in some detail. There the plaintiff alleged that she had been assaulted by the defendant. Both civil and criminal complaints were filed. Different law firms represented the defendant in the two suits. The attorneys representing the defendant in the civil suit, contacted plaintiff's attorney to obtain a copy of the complaint. Defense counsel's docket clerk erroneously recorded the date of service of the summons. This error permitted plaintiff to obtain a default judgment. Defense counsel in the civil case appeared at a hearing in the criminal case and obtained a continuance in order that a settlement might be made. Plaintiff's attorney concealed the fact of the entry of the default judgment and stated that he would not be in a position to talk about a settlement until a date which was after the default judgment became final. The court held that while

there was no duty to notify the defendant of the default judgment, the conduct of the plaintiff's attorney was such that, to prevent a failure of justice, the entry of the default could not stand.

■■ The importance of the *Ellman* decision is that a petition filed under Section 72 invokes the equitable powers of the court to the extent that one may not enforce a default judgment attended by unjust, unfair or unconscionable circumstances. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill.2d 609, 613.) *Ellman* was not intended to relieve a party of the consequences of his own negligence. (*Davis Furniture Co. v. Young* (1968), 102 Ill.App.2d 415, 419; *DeJarnett v. Roseborough* (1968), 94 Ill.App.2d 164, 167.) Thus, where plaintiff claimed she did not receive a postcard notice of a pretrial hearing, the suit dismissed for want of prosecution and no suggestion made of fraud or unconscionable behavior on the part of the litigant or the court, a petition under Section 72 was properly denied. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464.) The judicial philosophy regarding Section 72 has become one of concern for the stability and finality of judgments, as well as a concern for the ever-increasing backlog of cases. *Fennema v. Vander Aa* (1969), 42 Ill.2d 309; *Esczuk v. Chicago Transit Authority, supra; Danforth v. Checker Taxi Co., Inc., supra; Suarez v. Yellow Cab Co.* (1969), 112 Ill.App.2d 390, 395; *Groves v. Sebastian* (1968), 98 Ill.App.2d 347.

■■ Procedurally, a petition filed under Section 72, no matter whether based on the equitable or the common law function, represents a new cause of action and, as such, is subject to the same rules of pleading as any other action. (*Muniz v. Wamsley, supra,* 297.) Where there is a total failure to state a cause of action, the petition may be dismissed at any time. (*Smith v. Pappas, supra; Muniz v. Wamsley, supra.*) The burden is on the petitioner to allege facts which, if true, show that he is entitled to the relief requested. *Fennema v. Vander Aa, supra.*

In the case at bar, the petition, in addition to setting forth the original claim, relates that the plaintiff and Belvidere entered into a settlement agreement; that, "in reliance of said agreement," plaintiff performed on its part; that Belvidere failed to perform; that the release of mechanic's lien and the order of May 14, 1969, were obtained by fraud and deceit on the part of Belvidere. Nowhere is it alleged that the defendant participated in the agreement or, for that matter, even knew about it.

We are not persuaded by plaintiff's contention that the petition stated a cause of action and that the occurrences at the time of and after the judgment, are sufficient to invoke even the equitable powers of the court under Section 72.

Regardless of the conclusionary matter pleaded, the plaintiff has not set forth facts which constitute the necessary elements for a cause of

action based upon fraud; there are no allegations which suggest excusable mistake of the type contemplated by the *Ellman* or *Elfman* decisions, nor are there any allegations which would negate lack of negligence. Instead, the facts show that the plaintiff obtained the order on its own initiative, without first obtaining the *quid pro quo* from Belvidere, this without any inducement or action, whatsoever, on the part of the defendant herein.

While courts, in many instances, favor decisions on the merits even at the risk of instability of judgments, still, under the circumstances of this particular case, the trial court erred in vacating its order of May 14, 1969. There was no allegation of fact which, if known to the court at the time, would have prevented the entry of the order later vacated.

The plaintiff further argues that, where the record reflects that the court was fully advised of the premises, defendants may not contest the petition. There is no merit to this argument where, as here, the petition totally fails to state a cause of action. For the same reason, there is no merit to the plaintiff's argument that the granting of the petition is addressed to the sound discretion of the trial court. See, *Danforth v. Checker Taxi Co., Inc., supra,* 475-476.

■■ We hold that the trial judge was in error in granting relief under the Section 72 petition and the subsequent orders based thereon.

For the reasons herein stated, the order of November 28, 1969, is hereby vacated and the orders of January 14, 1970, February 5, 1970, and April 8, 1970, are hereby reversed.

Vacated in part; reversed in part and remanded.

SEIDENFELD and GUILD, JJ., concur.