RICHARD C. LAMERE, Plaintiff, *v.* ROBERT VAUGHN, d/b/a Rupert's Sportshop, Defendant.—DEMA M. LAMERE, Adm'r of the Estate of Richard C. Lamere, Deceased, Petitioner-Appellant, *v.* ROBERT VAUGHN, d/b/a Rupert's Sportshop, Respondent-Appellee.

(No. 13113; )

Fourth District—December 18, 1975.

*Rehearing denied January 19, 1976.*

Burger, Fombelle, Wheeler & Dvorak, P.C., of Decatur (David A. Dvorak, of counsel), for appellants.

Owen, Roberts, Susler & Taylor, of Decatur (Marshall A. Susler and Robert D. Owen, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On July 26, 1972, plaintiff-appellant Richard C. Lamere filed suit against defendant-appellee Robert Vaughn, d/b/a Rupert's Sportshop. The complaint alleged sale of defective fireworks by defendant to plaintiff, and resulting injury to plaintiff. On August 8, 1972, defendant filed a motion to dismiss the complaint, or in the alternative, to strike certain allegations thereof. The motion was set for hearing on August 30, 1972,

on which date the hearing was continued, by agreement, until further order of the court.

On September 30, 1972, plaintiff died. On October 2, 1972, defendant's attorneys sent a letter to plaintiff's attorney which read:

"I was certainly sorry to read about the death of your client. I suppose that it is too early for you to say whether or not the injury claim will be pursued. I would appreciate hearing from you as soon as the family has an opportunity to advise you what to do in this connection."

On December 28, 1972, defendant's attorney again wrote to plaintiff's attorneys as follows:

"It has been several months since your client, the plaintiff in this case, met his untimely demise. Would you please advise whether or not any estate has been opened; if it has, whether the Executor is being substituted as party plaintiff; whether this case is going to be pursued; or whether we might go in and suggest the death of the plaintiff and that no substitution has been made or is being made, and that the case can be dismissed for that reason?

I am sure that you will agree that the case had only minimal possibilities while Lamere was alive, and that perhaps the best thing would be to have the case die in this way. Please advise."

There was apparently no response to either of these communications.

On January 5, 1973, one of defendant's attorneys appeared, and suggested plaintiff's death by filing a copy of letters of administration which had been issued in his estate on October 11, 1972, to Dema M. Lamere. The attorneys for the estate were the same as those who had filed the personal injury suit. On April 5, 1973, counsel for defendant again appeared and orally moved that the case be dismissed "* * * for failure to proceed in accordance with docket entry of January 5, 1973." The motion was allowed, and the cause was ordered dismissed at plaintiff's costs.

On July 30, 1974, the administrator of the estate of Richard C. Lamere, deceased, filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 72), seeking to set aside and vacate the order of April 5, 1973, and praying for an order substituting the administrator as party plaintiff. The petition alleged the death of Richard C. Lamere, that the petitioner was the administrator of his estate. It also alleged that plaintiff's attorneys had been given no notice of the appearance by defendant's attorneys when the suggestion of death was made, nor had they received notice of the hearing on defendant's oral motion to dismiss the suit, nor had they received notice of the order of dismissal, and that plaintiff was not in default for failure to plead when the order was

entered. It was further alleged that certain local rules of practice adopted by the Sixth Judicial Circuit required notice.

On August 14, 1974, defendant moved to dismiss the section 72 petition. The motion asserted that the petition alleged no facts which would justify the relief sought. The motion stated that the petition was insufficient in that it failed to allege why no motion to substitute the administrator as plaintiff had been made pursuant to section 54(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 54(2)) which provides:

"(2) Death. If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party."

The trial judge, after considering the record and plaintiff's petition found, in his written judgment order, that "* * * said petition does not state grounds for the relief sought * * *." The issue before us, then, is a narrow one. It involves only the sufficiency of the petition.

■■ A petition to vacate a judgment, though filed in the original proceeding is not a continuation thereof but is the commencement of a new cause of action. (*George F. Mueller & Sons, Inc. v. Ostrowski*, 19 Ill.App.3d 973, 313 N.E.2d 684; Ill. Rev. Stat. 1973 ch. 110, § 72(2).) The petition is subject to the same rules of pleading as any other action. (*Durgom Concrete Pipe Co. v. Belvidere Highlands Development Corp.*, 132 Ill.App.2d 222, 268 N.E.2d 548.) The petition has the burden of showing, by adequate allegations, that petitioner is entitled to the relief sought. (*Carlstedt v. Kaufmann*, 119 Ill.App.2d 322, 256 N.E.2d 146.) The petition must show due diligence on the part of the party defaulted. (*Aetna Casualty & Surety Co. v. Sanders*, 15 Ill.App.3d 573, 305 N.E.2d 25; *Wayne v. Thompson*, 18 Ill.App.3d 908, 310 N.E.2d 789; *Boyd v. Smith*, 11 Ill.App.3d 1045, 298 N.E.2d 365; *Union Oil Company of California v. Lang*, 132 Ill.App.2d 658, 270 N.E.2d 609.) Ultimate facts showing due diligence must be plead. (*Union Oil Co. v. Lang*.) If the petition fails to allege facts which demonstrate due diligence relief will not be granted. *Bartolini v. Popovitz*, 108 Ill.App.2d 89, 246 N.E.2d 834; *Gall v. Flash Cab Co.* 100 Ill.App.2d 64, 241 N.E.2d 673.

The rules of the Sixth Circuit may be summarized to require written notice of the hearing on all motions to all parties who have appeared and who have not been found by the court to be in default for failure to plead. Section 50.1 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 50.1) provides that upon the entry of an order of default or dismissal the clerk shall immediately give notice thereof to each party who has appeared, against whom the order was entered. It further provides

"However, the failure of the clerk to give the notice does not impair the force, validity or effect of the order."

There is no dispute here over the fact that neither plaintiff nor plaintiff's attorneys received any notice of the suggestion of death and that no notice was given of the hearing on the motion for dismissal under section 54(2) of the Civil Practice Act, and that no notice of the judgment was given. Granting these circumstances, however, the question remains whether the petition demonstrates diligence on the part of the petitioner. In this connection we agree with the trial judge that the petition is clearly insufficient to state a cause of action and invoke the equitable powers of the court.

The petition was not filed until 15 months after the order of dismissal was entered on April 15, 1973. There is no allegation as to when plaintiff learned of the dismissal, nor is there any allegation that plaintiff acted promptly upon acquiring that knowledge. There is no allegation which explains plaintiff's failure to take any action whatsoever to prosecute the action for 22 months following plaintiff's death. The petition totally fails to establish diligence on plaintiff's part and is therefore insufficient.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.